## BARRETT, Administratrix, *v.* ZACHARIE.

Under art. 172 of the Code of Practice, which requires that a petition "shall contain a clear and concise statement of the object of the demand, as well as of the nature of the title, or of the cause of action, on which it is founded," a defendant will be protected from any surprise resulting from the obscurity or duplicity of the allegations of the petition.

BARRETT
v.
ZACHARIE.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Fraser* and *Roselius*, for the plaintiff. *E. A. Bradford* and *T. A. Clarke*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J.* The principal matter in dispute between the parties grows out of the adjustment of an insurance on a steamer, made by the defendant, in November, 1840. The plaintiff contends that the defendant is liable to the estate administered by her, as for a settlement under the policy for a total loss, he being bound, by the extent of the damage done the steamer and her value and condition, to have abandoned her to the insurers, and to have insisted on and effected a settlement with them as for a technical total loss, which they were in law bound to make. The settlement made by the defendant was for a partial loss.

The judge of the District Court gave to the very important questions which this case presents a most careful and thorough investigation, and we regret that we do not feel ourselves at liberty to close it by determining them. There is a preliminary matter which received the consideration of the district judge, and on which we have not been able to concur with him. He says : " Before examining this question, it is necessary that I should dispose of an objection made by the defendant's counsel. It is said that the petition claims nothing but what has been received by *Zacharie* from the Insurance companies. This does not appear to be the case, although some expressions of the petition certainly favor this interpretation. The petition was evidently drafted with a very imperfect knowledge of the case, &c."

The petition itself does not contain a clear statement of the cause of action on which the suit is founded. There are allegations in the petition which charge the defendant with refusing to account and pay over any portion of the funds received by him on account of the loss of the steamer, and that the money received by him from the underwriters, on account of the loss of the steamer, was received by him for the sole benefit of the succession, which he is bound to pay over to the administratrix. This is certainly inconsistent with the repudiation of the adjustment and the basis on which it was made.

In another part of the petition it is alleged that the defendant received, or *was entitled to receive*, the amount of the insurance, &c.; but taking the whole of the petition together, which asks for judgment for the amount of the insurance against the defendant, we do not think that the objection of the counsel for the defendant was properly overruled.

The defendant's counsel took a bill of exceptions to the opinion of the judge, who admitted testimony showing the value of the boat, on the ground that the petitioner claims an account of an alleged agency of the defendant in the steamboat *Claiborne*, and, under such claim, has a right to show by evidence that the defendant was entitled to receive from the insurers, upon a just settlement, a larger sum than the one which he did receive in settlement of the policies of insurance held by him. The ground on which the evidence was objected to was, its irrelevancy to the claim made by the plaintiff for the amount received by the defendant on the policies of insurance.

The decision of the question turns on the construction of the petition, on which the rights of a litigant ought not to depend irrevocably, in cases where a party and his counsel may well be misled. Our Code, in requiring that the

---

* SLIDELL, J., having been of counsel, did not sit in this case.

petition should contain a clear and *concise* statement of the object of the demand, as well as of the nature of the title, and of the cause of action. on which it is founded, and that it must end with conclusions analagous to the nature of the action to which the plaintiff has resorted, has established a full protection for the defendant against surprise; and it is our peculiar duty to extend it to all cases in which parties have a fair claim for relief against the obscurity, or duplicity, of allegations, on which questions of construction may be raised. C. P. art. 172.

There is no prayer in this petition for an account, unless such a prayer may be inferred from the definite prayer for judgment for the aforesaid sum of $12,000, after due proceedings had, &c. But if the action was for an account, the defendant having rendered an account, as appears by his supplemental answer, in which the sum of $2,350 66 was credited as received from the underwriters, some notice surely ought, in common justice, to have been given the defendant of the serious grounds on which the allowance of this sum was to be contested, as there was a distinct allegation in the petition that the money received from the underwriters, on account of the loss of the boat, was received for the sole benefit of the succession, and that the defendant was bound to pay it over to the administratrix.

We abstain from giving any opinion on the merits of this case; and being apprehensive that justice has not been done between the parties, by reason of the manner in which the plaintiff's claims are set forth in her petition, and the evidence admitted as herein stated, we consider ourselves bound to remand the case.

It is therefore ordered that the judgment appealed from be reversed, and that a new trial be granted, with permission to both parties to amend their pleadings; the appellees paying the costs of this appeal.