## GRÉMILLON v. BONAVENTURE.

When the cause of action is not stated in the petition with sufficient precision, and the effect has been to surpise the defendant and prevent her from setting up the proper defence, the case will be remanded, with leave to amend.

A PPEAL from the District Court of Pointe Coupée, *Farrar, J. Lacoste,* for the appellant. *Provosty,* for the defendant. The judgment of the court was prounced by

ROST, J. The plaintiff instituted a petitory action for a tract of land in possession of the defendant. The defence set up was a general denial, a valid title, and the prescription of ten, twenty, and thirty years. At the trial, the defendant produced a regular chain of titles, ascending beyond the longest pre scription. But in argument, the plaintiff's counsel placed his claim upon art.-2337 of the Civil Code, which declares dotal property inalienable during marriage, and upon arts. 3490, 2343, of the same Code, which make it imprescriptible during the same time. It was shown that the property had been given in marriage to the plaintiff by her father, in 1811.

The defendant contends that to have the benefit of the articles of the Code on which the plaintiff relies, she should have resorted to the remedy pointed out by art. 2342, and should have brought an action to set aside the sale. Her counsel has alleged in this court that the form of action selected by the plaintiff has operated a surprise upon her, and prevented him from making the proper defence.

We are of opinion that the cause of action was not stated with sufficient precision in the pleadings, and that this omission was well calculated to produce surprise. Justice requires that the case should be remanded.

It is, therefore, ordered that the judgment in favor of the defendant be reversed, and the case remanded for further proceedings, with leave to both parties to amend; the defendant and appellee paying the costs of this appeal.