## Benjamin R. Gantt *v.* Elbert Gantt.

If any part of the stock of a particular partnership consists of real estate, the articles of co-partnership must be in writing, and made according to the rules prescribed for the conveyance of real estate. Consequently, in an alleged partnership for planting, parol proof is inadmissible to prove a partnership in the crops.

The plaintiff claimed to be the partner of the defendant in planting, and sued for a settlement of the partnership, praying, that if the court should decide there was no partnership, that he might have judgment against the defendant for the hire of his negroes, during the time they worked on the plantation, and for money expended by him for the defendant, and for the use of the plantation. *Held*: That the plaintiff, not having been able to establish, by legal evidence, the existence of the partnership which was denied, might introduce evidence to recover, under the alternative prayer.

APPEAL from the District Court of Opelousas, *Overton*, J. *Linton* and *Dupré*, for plaintiff. *T. H. Lewis* and *James M. Porter*, for defendant. The judgment of the court was pronounced by

PRESTON, J. The plaintiff alleges, that in the year 1840, he entered into partnership with the defendant, and that all the property acquired, both real and personal, was to be considered, and was to be to the equal benefit of both; that they took possession of public land, with a view to acquire it by preëmption or otherwise, and did acquire it, with the joint funds of the partnership; that great improvements were made upon the land, converting it from wild land into a sugar estate; that he paid the great expenses of stocking the plantation and putting it into operation, amounting to the sum of five thousand dollars; that he received the two first crops of cotton, the proceeds of the sale of which were insufficient to reimburse his advances, and left a great balance in his favor. He alleges, that the defendant kept the next six crops made before the year 1849; has not accounted for the proceeds; but has invested them in lands and negroes purchased in his own name.

The plaintiff further alleges, that at the commencement of their farming operations, he placed on the premises, and in the possession of the defendant, ten slaves belonging to him, individually, all of whom labored on the premises, from the year 1840 until the spring of 1849; that one of the slaves remains on the plantation to the present time, and one died during the partnership. He prayed, that the partnership might be dissolved; that the defendant might be ordered to render an account and settlement of the same; and that he might have judgment for one-half the land, improvements and fixtures, according to their valuation in the spring of 1849, together with the value of the services of the slave, *Lind*, up to the time of settlement; that he might be decreed, to be the owner of an undivided half-interest in certain slaves purchased with the partnership funds. He further prayed, in the alternative, that if the court should be of opinion that he could not recover half the real property and slaves, that he might recover the improvements made on the land, and the hire of his ten slaves brought into the partnership, from the year 1840 till 1849.

The defendant, by rule, called upon the plaintiff, to produce in court any book, paper, public or private act, or letter, by which he intended to prove, that a particular partnership existed between them, as stated in his petition, and filed an answer denying the allegations contained in his petition.

GANTT
*v.*
GANTT.

In a supplemental petition, the plaintiff claimed but a third of the value of the crops. He made a further claim of $750 for the price of a slave, belonging to him, sold in Alabama by the mother of the parties, to pay a debt due by the defendant to her; and $300 advanced, in 1842, to the defendant, to pay for the hire of four slaves from his mother, which he had brought to Louisiana. The defendant also denied these claims.

On the trial of the cause, the plaintiff offered parol evidence to prove the contract of partnership, as stated in his petiton. It was objected to by the defendant on the ground, that a partnership in real property, could not be proved by verbal testimony. The objection was sustained by the court, and the evidence rejected; to which the plaintiff excepted.

The petition alleged a partnership in lands and negroes. Now, our code provides, that "if any part of the stock of a particular partnership consist of real estate, it must be in writing, and made according to the rules prescribed for the conveyance of real estate." The verbal testimony, to establish the existence of the partnership in lands and negroes for the purpose of planting, was inadmissible.

It is said, however, that the land, at the time of the formation of the partnership, was public property, and not the joint property of the partners; that the slaves were the separate property of the partners, and that, therefore, the plaintiff might prove by parol, a partnership in the improvements and crops. But the settlement on the public lands, could only be with a view to their acquisition by title. They have been since acquired. The partnership as it is now, and as it was contemplated by the parties, at the time it is said to have been formed, is one, in which part of the stock consists, of real estate; it cannot, therefore, be proved by parol.

The crops grow out of the lands, negroes and improvements, and industry applied to them. Undoubtedly, a partnership may be formed in growing crops, and the contract may be proved by parol. But the proposition in this case is, that a partnership in the crops may grow out of a partnership in lands and slaves, which is not, and cannot be proved, for the reason that it existed, though not proved. It is not a partnership, in the crops by contract; but, by consequence of a supposed partnership in lands and negroes. But this partnership not being proved, is as though it did not exist, and, therefore, the consequential partnership does not exist. The district judge, therefore, properly rejected the testimony to prove a partnership in the crops, growing out of the supposed partnership in the real property; and we find nothing in the case of *Theale* v. *Lacey.* 5th Ann. 548; or *Gardiner* v. *Bataille*, 5th Ann. 597, adverse to his decision. Indeed, no bill of exceptions was taken in the first case; and what we said in the last case, corresponds with and confirms our present views.

The plaintiff further offered parol evidence, to prove the value of the hire of his negroes. The court rejected the evidence on the ground, that the matter was connected with and grew out of the partnership, and no evidence in relation thereto could be admitted, until the partnership was proved.

The plaintiff expressly alleged in his petition, that he placed on the premises and in the possession of the defendant, ten negroes of his own private property, all of whom labored on the premises, from the year 1840 until the spring of 1849; and prayed, that in case the court should be of opinion that he could not recover as a partner, he might recover the hire of the ten slaves brought into the partnership from 1840 to the spring of 1849.

The defendant having denied a partnership, and the plaintiff being unable to prove it, we are bound to presume it did not exist. Then the above allegations show, that the defendant has enjoyed the services on his plantation, of ten slaves belonging to the plaintiff, for eight years. Equity entitles him to a reasonable compensation for their hire, if there was a misunderstanding as to the objects for which their services were furnished by the plaintiff, and enjoyed by the defendant.

GANTT
v.
GANTT.

The fact, that they labored on the defendant's plantation, can be proved by parol; the value also of their labor. Then, why may not the proof be given in this case, and a reasonable compensation be allowed? The reason given is, that the services were connected with an alleged partnership. But the partnership was denied by the defendant, and could not be proved by the plaintiff. Therefore, in law, it did not exist; and the only reason for excluding the testimony, not existing, it should have been admitted.

It is undoutedly true, that it would have prevented confusion and delay, and would have been better to have compelled the plaintiff, by exception, to elect his remedy, and not to have prayed for relief in the alternative. He has now been compelled to pursue that course, by the decision, as to evidence, and has been greatly retarded in the progress of his suit. But, if he can establish his ownership of the ten slaves; that they have been employed by the defendant eight years; that their services were valuable; and that their value has been enjoyed by the defendant without making any compensation, or having any just defence, we think the plaintiff is entitled to relief, and that the parol evidence offered, should have been received to establish these facts.

As the case must be remanded for another trial, the allegations in the supplemental petition should be considered by the court. If the defendant has realized the proceeds of the sale of a slave belonging to the plaintiff, he is liable for them; unless he have a defence against the claim, and also, for any other money of the plaintiff which has been appropriated to his use.

It is desirable that all these claims, for the investigation of which the cause is remanded, should be set forth with more exactness by the plaintiff, as for example : by stating the precise services of his slaves and the value thereof, each year; also, the name of the slave sold in Alabama; the time and place of the sale; the vendee; and how and why the mother of the parties who sold the slave of the plaintiff, appropriated the proceeds to the defendant's debt. A clear and distinct supplemental petition, setting forth the claims which can be investigated, unconnected with those which cannot, and are decided, would greatly aid the trial of the case.

The judgment of the district court is therefore reversed, at the cost of the appellees; and the case is remanded for another trial, according to the principles contained in this opinion.