THE STATE on the relation of JAINE REMENDO, *v*. THE JUDGE OF SECOND DISTRICT COURT OF NEW ORLEANS, praying for a Mandamus.

No testament can have effect unless it has been presented to the judge of the Parish in which he died, if he died within the State; therefore, an executor in possession of a will has the right to have a nuncupative will registered and executed, although the estate had been fully adminis-tered and the property delivered into the possession of the legal heir. It is not necessary that he should, nor can he, resort to a direct action of nullity, until the testament is ordered to be executed.

APPEAL from the Second District Court of New Orleans, *Thomas, J. George L. Bright* for relator.

HYMAN, C. J. The relator asks the court to grant a *mandamus* on the Judge of the Second District Court of New Orleans, requiring him to order the execution and registry of the nuncupative testament by public act of Pedro Remendo, deceased, and to deliver letters testamentary to him, as prayed for in his petition to the judge.

Respondent, in answer, alleges, that the estate of the deceased had been fully administered, and that the property of the succession had been delivered by a judgment of the court into the possession of the legal heir, and that the only remedy of the relator would be a direct action to annul said judgment.

What is required of the judge is a mere preliminary proceeding, and not a judgment binding on those who are not parties thereto.   2 An. 726.

It appears, from the will, that relator is an instituted heir, and was appointed executor.

Until ordered to be executed, the will is without effect (C. C. 1637), and relator has no right of action in consequence of the will.

Thus, while the judge announces to relator that his only right is a direct action of nullity, he prevents him from pursuing this right, under the rule, by refusing to order the same to be executed, and thus relator is left without remedy.

It is therefore ordered, that a peremptory *mandamus* issue in the name of the State of Louisiana, ordering said judge to comply with demand of relator.