Succession of Earhart.

No. 12,742.

SUCCESSION OF MRS. ELIZABETH C. EARHART.

The provisions of our Code and decisions fixing the domicile of the deceased for the opening of his succession clothe the court of the domicile with the jurisdiction to probate his will, qualify the executors and of other incidents to the opening of the succession, do not confer on that court jurisdiction to determine the validity of an alleged will disposing of immovable property in another State. Civil Code, Arts. 934 *et seq.;* Code of Practice, Arts. 928 *et seq.;* Story Conflict of Laws, Secs. 431, 474; 14 An. 85.

The effect of such a will is for the determination of the courts of the sister State where the immovable property is situated. Story *Ibid.;* 14 An. 85.

Where in a controversy between heirs in our courts, it appears that the deceased made an alleged will disposing of lands in another State, and that the alleged will has been transmitted to that State for the requisite judicial proceedings, it is proper for the court here to refuse the decree that the deceased died intestate wholly ineffective to determine the validity of the alleged will affecting lands in the sister State. Story *Ibid.*

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Benjamin Rice Forman* for Mrs. Virginia B. Ferguson, Plaintiff, Appellant.

*Dart & Kernan* for Mrs. Readman Ross and Mrs. McGuire, Defendants, Appellees.

*Bernard McCloskey* for F. B. Earhart, Defendant and Appellee.

Argued and submitted March 25, 1898.
Opinion handed down April 4, 1898.

The opinion of the court was delivered by

MILLER, J. This appeal is by one of the legal heirs of the deceased, Mrs. Elizabeth C. Earhart, from the judgment of the lower court on the petition of the heir asserting rights, as such, against the other legal heirs.

The record shows the deceased left movable property, but no immovable property in this parish or State; there is testimony tending to show the deceased died possessed of landed property in the District of Columbia; the legal heirs of the deceased are her children,

one the plaintiff and three others made defendants; it is in proof that prior to her death the deceased stated in effect that her will was made disposing of her property in the District of Columbia, and had requested that when she died her will should be transmitted to an attorney in Washington; it further appears that after her death a paper endorsed as her last will was found in her bank box and was sent to the Washington lawyer as she had requested in life. The paper was not offered for probate here, nor was any claim based on it. The testimony is in the record of one of the defendants charged in the petition with taking possession of the property of the deceased, and with suppressing her will, to the effect that the deceased left only a watch an amount of money in part intended for her grandchild, and that the residue was used for the expenses of the sickness and burial of the deceased, and that all her papers were in the box except that sent to Washington.

The petition of the plaintiff filed some weeks after the death of the deceased sets forth that she left children, plaintiff being one of them; that plaintiff is advised that defendants claim deceased left a will, but it had not been produced; that two of the children defendants in this suit had taken possession of property of the deceased; that plaintiff as one of the forced heirs was entitled to her portion of the properly of which deceased died possessed, and to have made an inventory of such property. The prayer was for citations of the legal heirs; that two of them charged with taking possession of the property and papers of the deceased produce any will or paper purporting to be a will, and if a valid will that it be probated; that if no will was made, the deceased be decreed to have died intestate; that if the will was found to dispose of more than the law permitted, it be reduced; that plaintiff be put in possession of two-thirds of the property of the deceased, unless the other heirs accept, and in that event that petitioner be decreed entitled to her proportionate share of the property. The answer of two of the heirs is to the effect their mother left no property in Louisiana, except movables, found in her bank box, denies that respondents have taken possession of any property, avers that deceased left a will made according to the law of Maryland, of which they annex a copy; that it has been filed in the Orphan's Court, District of Columbia, and that respondents are advised the will, not in the form required by the laws of Louisiana, can not be probated here, and respondents make no claim except

for such judgment as the facts warrant. The other defendant admits the death of his deceased mother; that the plaintiff, respondent and two of the defendants are her heirs, and reserves his right to contest any will to his prejudice.

The lower court in admitting the will in evidence over plaintiff's objection stated as the ground for the ruling that plaintiff had called for the production of the paper, and that the objection would be treated as directed to the effect of the paper. The judgment recognized the plaintiff, and the three defendants as the legal heirs of the deceased; decreed that as such they be placed in possession of the property of the succession, and as to the alleged will the judgment reserved the rights of all parties in interest to assert or resist any rights founded on the paper if it should ever be presented for probate. The plaintiff on this appeal complains of the judgment because there is no decree that the deceased died intestate.

The paper produced in the lower court not in the form required by law for last wills, was not sought to be probated. If any demand had been made founded upon it, the objection to its introduction should have prevailed. No will can avail as a muniment of title unless probated, nor can it be probated unless in the form prescribed by the Code, Article 1637. Aubert vs. Aubert, 6 An. 104; 1 Hennen's Digest, p. 467, No. 4. But the petition in this case charged that defendants had wrongfully possessed themselves of the papers of the deceased, taken the property she left from her bank boxes and called on them to produce all papers and any paper purporting to be the will of the deceased. To meet these allegations the testimony of defendants was offered to show what they did in reference to the subject for investigation; that deceased had stated her will was in the box; her desire it should be sent to her counsel in Washington, and that the paper copy of which was produced had been transmitted to the counsel in accordance with the request of the deceased. This testimony along with the paper had direct relation to the charges in the petition, and besides the paper was called for by the plaintiff. In this form of controversy, we think, the objection to the offer of the will was properly overruled, and the paper received not to give it effect as a will, but because called for and pertinent to the issues as to defendants' action made in plaintiff's petition.

The plaintiff contends that the deceased domiciled here when she died, the lower court had the jurisdiction to determine the issue ten-

Succession of Earhart.

dered in the petition that she died intestate. The court had the jurisdiction to recognize and put the heirs of the deceased in possession of the property left by the deceased in this jurisdiction, and that jurisdiction it exercised. The plaintiff is clothed by the judgment with all the rights of the heir of the deceased capable of exercise in this State. C. P. 1003 *et seq.* No decree of the court here could give or take away any right in respect to landed property in another State possessed by the deceased at the time of her death, the title to which depended on any will she left. The validity of such will, and its effect as conferring title to lands in another State were questions for the courts of that State, and beyond the jurisdictional power of our courts. Story's Conflict of Laws, Secs. 474, 431; Hughes vs. Hughes, 14 An. 85. The decree the argument claims should have been rendered, that the deceased died intestate, was entirely beyond the jurisdiction of the court as applied to any will of the deceased designed to affect lands in the District of Columbia. Nor do we appreciate that the decision of this court in Succession of Williamson, 3 An. 261; Miltenberger vs. Knox, 21 An. 399; Clemens vs. Comfort, 26 An 269; in the Succession of Gaines, 45 An. 1246, nor the articles of the Codes cited in plaintiff's argument, tend to affirm the right to the decree contended for in the argument. Succession of Gaines, 45 An. 1241; Civil Code, Art. 935; C. P. 929. The articles and decision fix the domicile of the deceased as the place of opening of the succession, and the Gaines decision in effect decides that a will whether or not in the form required by our law, admitted to probate in another State, is entitled to recognition here, when presented to our courts accompanied with the probate decree of the court of the sister State. The circumstance that the deceased in the Gaines case was domiciled in the State where the will was probated, afterward recognized here, does not affect the question here, of the jurisdiction of a Louisiana court, because the court of the domicile of the deceased, to render the decree that the deceased died intestate. Wherever the domicile of the deceased such a decree would be in excess of the jurisdiction of the Louisiana court, as respects any will of the deceased disposing of lands in another State. In view of the fact that the lower court was apprised by the testimony and the paper itself that the deceased had left an alleged will disposing of lands in another State, and that the paper had been forwarded for presentation to the proper court there, it

seems to us the court properly confined its decree to the recognition of plaintiff and defendants as children and forced heirs of the deceased. To have gone further and decreed that she died intestate would have trenched on the jurisdiction of the proper court in the District of Columbia, to determine the validity of a will affecting lands there. Such a decree could serve no purpose here or there, and in our opinion was properly refused.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.