Statement of the Case.
MONROE, J.
Petitioners allege, in substance, that they are the “legal heirs” of *353 Jonathan Sprowl, who died in the parish of Red River in 1877, leaving a will whereby he bequeathed to them his entire estate; that the will so left has been lost or destroyed, and is not, and has never been, in their possession, but was in the possession and among the papers of the testator at the time of his death; and that Andrew J. Lawson and his wife, and Raney M. Sprowl, widow of the testator, took possession of said, papers.
They further allege that the will in question can be proved only by parol evidence, and they pray that a day be fixed for that purpose, that the parties named be summoned to ap>pear as witnesses, and that “any presumptive heirs who may claim to have an interest be cited,” etc. A day was accordingly fixed, and notice -ordered to be given by public advertisement. Thereafter the widow of the decedent and A. J. Lawson, tutor, representing the minors, as also the major members of the Lawson family, claiming that through their mother, now deceased, they had inherited all the property left by the decedent, and are in possession, appeared and excepted to the petition on the grounds (1) that the '“allegations thereof are too vague and indefinite to admit of proof, and that no cause of action is therein disclosed”; (2) “that the succession of J. Sprowl, deceased, was duly opened in accordance with law, administered, and closed; that the bond of the administratrix and coadministratrix was canceled by the judgment of this court; that the aforesaid heirs of Ihe said J. Sprowl, deceased, were placed in possession of the property belonging to .the succession by judgment of the district court of the parish of Red river of date November 28, 1883, of record in said parish of Red River, and that said property was duly and legally partitioned among said heirs, and which partition was approved by judgment of the court, and filed in the archives of the said parish of Red River; that they went into immediate, actual, corporeal possession of same, and have ever since enjoyed the undisputed and undisturbed possession of it; that the judgment aforesaid has never been disturbed or revoked, but has remained and is in operation and effect, and that all the aforesaid proceedings and facts operate as a complete and perfect bar to further mortuary proceedings, until revoked, annulled, and set aside in proper proceedings instituted therefor; and that these proceedings should be dismissed.”
They also pleaded the prescription of three, five, and. ten years, and thereafter filed an opposition to the application of pe titioners on the grounds that Jonathan Sprowl died intestate, but, if it should be held otherwise, that the petitioners have renounced and waived all rights that they may have had under the alleged will, in the suit entitled “Mrs. Octavia Ounningham et al. v. A. J. Lawson, Administrator, et al.,” on the docket of the district court, wherein they practically alleged that Mrs. N. M. Lockett, widow of the decedent, was entitled to one half of the property, as widow in community, and that Mrs. Lawson, mother of the other defendants, was the only forced hereof the decedent, and inherited his entire estate, and that plaintiffs are estopped by said' allegations from enforcing any rights that, they might have had under said alleged will, and upon the further grounds that the-alleged will, if it ever existed, having been, lost or destroyed more than 20 years ago,, and its loss not having been advertised, cannot now be probated by parol evidence.
It appears that the plaintiffs’ application was first set down for hearing upon January G, 1902, but that the court was opened upon that day by the sheriff, acting under the directions of the judge, who was unable to attend on account of illness, and was adjourned until January 13th, upon which date the defendants filed all the pleadings above referred to, and, the case having been taken: up, offered in evidence the records in the succession of Jonathan Sprowl and in the case of Mrs. Octavia Cunningham et al. v. A. J. Lawson et al. Otherwise than this, the record is silent as to the proceedings of that day, save as appears from the following minute entry, to wit:
“Exception of no cause of action filed by counsel for Mrs. N. M. Lockett and A. J. Lawson, which was overruled by the court. Bill of exceptions reserved by the counsel for Mrs. Lockett and A. J. Lawson. Exception No. 2 filed by Mrs. Lockett and forced heirs of Jonathan Sprowl, dec’d., and taken under advisement. Plea of prescription filed by counsel for Mrs. Lockett and forced heirs *355 of Jonathan Sprowl, dec’d. Opposition filed by counsel for Mrs. Lockett and forced heirs of Jonathan Sprowl, dec’d. Probation of will dismissed at cost of applicants.”
Notwithstanding the concluding paragraph of this entry, the judgment in the case appears really to have been rendered at a later date, and is thus transcribed:
“In re Probation of Last Will & Testament of Jonathan Sprowl, Dec’d. In the above matter, the law and evidence being in favor of Mrs. N. M. Lockett and the forced heirs of J. Sprowl, deceased, it is ordered, adjudged, and decreed that the exception, No. 2, denying the right of the petitioners to-probate the last will and testament of said J. Sprowl until the judgment settling his succession, and the mortuary proceedings there had, have been directly attacked, and the same annulled and set aside, be sustain■ed, and the demands of the petitioners be rejected, and their suit dismissed at their >cost. Thus done, read, and signed in open -court on this the fourth day of February of the year 1902. [Signed] C. V. Porter, Judge,” etc.
From this judgment the plaintiffs have appealed, and the defendants have filed an answer in which they complain that their exception of no cause of action and their pleas of estoppel and prescription were erroneously overruled, and pray that they be now maintained.
Opinion.
In the case entitled Sprowl v. Lockett (this day decided) 33 South. 911,[1] the present plaintiffs, claiming under the alleged will of Jonathan Sprowl, sued the present opponents for the revendication of the estate which they say was devised to them by that will. They were met with the objection that they could claim nothing under a will, the existence and contents of which had not been established, and the execution of which had not been ordered, and the objection was sustained. In this proceeding they seek to prove the existence and contents of the will, as a preliminary to the obtention of an order for its execution, and they are met with the objection that they must first attack and set aside the proceedings whereby the succession of Jonathan Sprowl was opened, administered, and closed, tlie widow in community and heirs put in possession, and the property divided between them. This position is untenable, and the authorities adduced in its support are irrelevant. Untii the existence and contents of the will have been established, and it has been ordered executed, by competent authority, the plaintiffs have no better standing in court to make the attack suggested than they have to revendicate the property of the succession.
The cases to which we are referred merely recognize the familiar doctrine that a creditor cannot treat as nullities the proceedings and judgments whereby a succession is closed and the heirs put in possession. The right of a creditor to appear in court for the assertion of his claim does not depend upon the existence of a will, and he has his remedy against the heirs, notwithstanding that the succession has been closed, but, on the contrary, for the reason that, as the result of such proceedings, they have been put in possession of property burdened with the obligation of paying his debt. The person who has no other claim upon the succession or its property than the last will of the decedent is, however, differently situated, since, in order to be entitled to be heard at all, he must first establish the existence of the will, and the disposition in his favor, and then obtain an order of court for its execution, after which, but not before, he may proceed to the removal of the obstacles standing in the way of such execution.
Another exception passed on by the court a qua (overruled) is that which, referring to the petition, recites that “the allegations thereof are too vague and indefinite to admit of proof, and that no cause of action is therein disclosed.”
If it be true, as the petitioners have alleged (interpreting their allegations in accordance with the common understanding), that Jonathan Sprowl “left a last will and testament bequeathing to petitioners all the property owned by said Sprowl at the time of his death; * * * that said will has been lost or destroyed, * - * * and cannot be proved and ordered to be executed, except by parol evidence,” — they are certainly entitled (unless it be, as opponents contend, that these allegations are too vague and indefinite *357 to admit of proof, or unless they are cut off by estoppel or prescription, or for some other reason not included in the present exception of no cause of action) to the decree prayed for (i. e., that they be permitted to make the necessary proof in the only way in which, as they allege, such proof can now be made).
The point at which the allegations of a petition become too vague and indefinite to admit of proof, if there is any such point, must, in the nature of things, be variable, and cannot be established by any rule which can be applied in all cases alike. The Code of Practice requires that the petition shall “contain a clear and concise statement of the object of the demand as well as the nature of the title, or the cause of action upon which it is founded.” Article 172. In the petition before us the object of the demand is clearly and concisely stated to be that the petitioners be allowed to prove before a competent court, by parol evidence, that Jonathan Sprowl left a will whereby he bequeathed to them his estate, and the nature of the title or cause of action upon which it is founded; that is to say, the reason why these petitioners are concerned in the matter is included in the statement, since, if it be true that by the terms of the alleged will they inherit property, they disclose an interest in proving its existence and contents, and the necessity for making such proof by parol evidence is disclosed by the averment that the will has been lost or destroyed.
These allegations, it is true, are formulated in general terms. Nevertheless we apprehend that, if no objection should be interposed by some one having a standing for that purpose, the judge a quo would find no difficulty in permitting the petitioners to offer proof in support of them, or in thereafter, and upon further application, taking such action as the nature and character of the proof so offered and admitted might justify. It follows, then, that the objection which the opponents make in advance, that the allegations of the petition are too vague and indefinite to admit of proof, is not inherent in the allegations themselves, but relates to the interest which they, and not the petitioners, have in the matter. In other words, the real ground of the objection is that the nature of the title or cause of action sued on is not disclosed with sufficient particularity, and that the opponents are not furnished with all the information to which they are reasonably entitled in order to enable them safely to defend their interest; but this ob-. jection is entirely distinct from, and is not a basis upon which an exception of no cause of action can be predicated.
Considering the objection, however, in its proper relation, and conceding, arguendo,— though it would be premature to decide the question at this time, — that the petitioners must prove the form, date, and contents, as well as the existence and subsequent loss or destruction of the will, and that the opponents would be entitled to require specific information upon those matters if it appeared that the petitioners could furnish it, it does not of necessity follow that, if the information is not in the possession of the petitioners, they are to be thrown out of court. They allege that the will was among the papers of the testator at the time of his death; that the defendants, or their authors in title, took possession of those papers; and that the will was lost or destroyed; and they pray that the parties named, who took possession of the papers and the will, be sworn as witnesses. These allegations disclose at once a reason why it may be that the petitioners are not more specific as to the form, date, etc., of the will, and why, if their allegations be true, the parties named, and those claiming under them, should not be heard to object to the lack of such specification. If, therefore, the judge a quo considered the objection in the aspect in which we are now -considering it, and overruled it, we are not prepared to say that he committed any error. As the case must be sent back, however, and as we do not deem it advisable that he should be unnecessarily trammeled with regard to its further disposition, the extent to which the exception of vagueness and indefiniteness, considered apart from the exception of no cause of action. and subject to the views expressed in' this opinion, should be sustained or overruled, is left for further action, should he find such further action advisable.
The petition discloses something in the nature of a claim iter an entire estate, and it does not appear upon the face of this particular record that the plea of prescription is well founded. A different, question may be *359 presented., should the petitioners succeed in establishing the existence, contents, and loss, or destruction, of the alleged will, and seek to recover the property in question from the children of Sprowl’s adopted daughter, since in that case the action would have to be considered in its bearing upon the interests held by the defendants, upon the one hand, under their claim as forced heirs, and upon the other as heirs ab intestato of the disposable portion of the estate. The plea of prescription, with the other exceptions, not heretofore passed upon by that tribunal, is therefore remitted to the district court, to be determined as future conditions and developments may require.
For these reasons, it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and the case remanded to the district court, to be proceeded with in accordance with law' and with the views expressed in this opinion; the costs of the appeal to be borne by the ex-ceptors and opponents, and those of the lower court to await the final decision.

 Post, p. 894.