MONROE, J.
The relevant allegations in the petition in this case are, substantially, as follows:
That petitioners are the only surviving children of Wm. Sprowl, who died insolvent in the parish of Red River; that his brother, Jonathan Sprowl, with his wife, Nancy Barker, in 1862, by authority of a special statute, and by notarial act, adopted Alice L. Hammett; that in January, 1864, Mrs Sprowl died without issue; that in July of that year Jonathan Sprowl married Mrs. Nancy M. Long, and thereafter, in community with her, acquired property in this state; that in January, 1869, Miss Hammett married A. J. Lawson; that the adoption of Miss Hammett was illegal originally, because not authorized by the general law, but, if legal at all, ceased of effect after the death of the adoptive mother, and the emancipation, by marriage, of the adopted daughter, who, by reason of those events, lost her right, if any she had, to inherit from the adoptive father to the prejudice of heirs of the blood or testamentary heirs, and could not inherit the property acquired by him during the second community; that, “prior to his death,” Jonathan Sprowl made a will, leaving all of his property to the children of his brother William, which will has been “lost, destroyed, or burned”; that he died in 1877, and that petitioners were entitled to be put in possession of his estate, but that his widow and the husband of his adopted daughter were appointed administrators, and administered the estate; that in 1882 the widow and adopted daughter, by notarial act, partitioned the estate between them, and that all of said acts were illegal and in fraud of petitioners’ rights, because, under the law of Louisiana, “np adopted heir can inherit to the prejudice of the forced, or testamentary, heirs, or heirs of blood relations”; that in 1867 A. J. Lawson sold to Jonathan Sprowl certain land (describing it) for a nominal sum, and that in 1874 Sprowl sold said land, with other land and movables, to Mrs. Lawson, and that both sales were simulated for the purpose of turning over to Mrs. Lawson the interest that Sprowl intended that she should have in his succession; that, after the death of Jonathan Sprowl, his widow married J. M. Lockett, and that she and Lawson leased to third persons a plantation that had belonged to the community existing between her and the decedent, and that, after the death of his wife, Lawson caused his children to be put in possession of the property of the estate of said decedent. They pray for citation and judgment against Mrs. Lockett, Lawson, individually and as tutor, and against certain of his children who have attained majority, for the property left by Jonathan Sprowl, with the revenues thereof, and directing that certain of the defendants be required to answer interrogatories on facts and articles.
The defendants filed an exception of no cause of action, which was maintained, and the plaintiffs have appealed from the judgment.
The only property claimed is that which is said to have belonged to the community which existed between Jonathan Sprowl and his second wife, now Mrs. Lockett, who is made defendant. It is not, however, alleged that she has taken possession of any more than the property to. which she is entitled as partner in the community. It is alleged that Jonathan Sprowl made a will which has been lost or destroyed, and, as we understand their allegations, that plaintiffs are claiming under that will, and not as legal heirs. But it is not stated whether the will was lost or destroyed before Sprowl’s death or after, or whether by him or by some one else, and there is nothing purporting to connect any of the defendants with its loss or destruction, unless the allegation that, after the death of the alleged testator, his widow and his adopted daughter, with the husband of the latter, made “a minute and accurate search among all” of his papers, can be so considered, it not being suggested, however, that the parties mentioned .found anything. There is no intimation in the petition that the will referred to has ever been proved or offered for probate, nor is it alleged that the special statute authorizing the adoption of Miss Hammett was obnoxious to the State or Federal Constitutions, or that, in the manner of her adoption, there was any failure to conform to that statute.
The law of this state provides that:
“No will can have effect, unless it has been *897 presented to the judge of the parish in which the succession is opened; the judge shall order the execution of the testament after its being opened, and proved, in the cases prescribed bjr law.” Rev. Civ. Code, art. 1644; Aubert v. Aubert, 6 La. Ann. 104; Succession of Earhart, 50 La. Ann. 526, 23 South. 476.
In Clappier et al. v. Banks et al., 11 La. 595, it was said:
“In an action of revendieation, persons claiming to be instituted heirs under a will, alleged to be lost or destroyed, will not be allowed to prove its existence, loss, and contents in the district court, when it has never been admitted to probate.”
See, also, State ex rel. Remendo v. Judge, 17 La. Ann. 189.
Counsel for plaintiffs says, in his brief, “the petition to probate the will was filed after this suit.”
We must, however, deal with the case before us upon the basis of the allegations contained in the petition, and, so doing, in view of the law and precedents cited, conclude that the plaintiffs have no present standing in court for the purposes of the demand made by them.
The judgment appealed from is, therefore, affirmed, at the cost of the appellants.