(91 South., 146)

### No. 23270.

### VANCE v. NOEL et al.

(Nov. 28, 1921. Rehearing Denied Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Insane persons** ☞36 — **Curator's petition held sufficient though he was appointed by clerk instead of judge.**

In view of Act No. 43 of 1882, § 4, as amended by Act No. 13 of 1894, § 1, authorizing clerk of the district court, in absence of the judge, to appoint curators and curators ad hoc, the court properly denied an exception to a petition by a curator appointed by the clerk, in the absence of any contention that the judge was not absent from the parish when the appointment was made, even if the validity of such appointment could be questioned collaterally.

**2. Pleading ☞309 — Petition held sufficient though certified copy of will not annexed to petition as alleged.**

In a suit for partition by the curator of an interdict, an allegation that the latter inherited an undivided interest in the property under a will, with references to the pages of the public records on which it was recorded, was sufficient to warrant the introduction in evidence of the probate proceedings, though a certified copy of the will was not annexed to the petition as alleged.

**3. Appeal and error ☞1176(1)—Original judgment not reinstated on annulment of contrary judgment on second appeal from successor of judge who rendered first judgment.**

A judgment annulled and set aside on a former appeal will not be reinstated on annulment of a second judgment rendered by a successor of the judge who rendered the original judgment, even if all the evidence the parties in whose favor such original judgment was rendered saw fit to introduce was in the record, so that the judge to whom the cause was remanded would have only to render judgment; such judge not having rendered judgment on the merits.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by S. W. Vance, curator, of an interdict against W. E. Noel, Jr., and another, who called in their vendor in warranty to defend the title. From a judgment sustaining warrantor's exception of no cause of action, plaintiff appeals. Judgment annulled, and cause remanded.

Barret & Files, of Shreveport, for appellant.

Herndon & Herndon and Foster, Looney & Wilkinson, all of Shreveport, for appellees.

O'NIELL, J. Plaintiff appeals from a judgment dismissing his suit on an exception of no cause of action. He sued as the curator of an interdict, to have the latter recognized as the owner of an undivided interest in certain land and to have the land divided in kind. The defendants, answering the suit, claimed full ownership of the property, and called their vendor in warranty to defend the

title. The warrantor filed an exception of no cause or right of action. Plaintiff filed a motion to dismiss the call in warranty, on the ground that the partition suit was a summary proceeding, which should not be retarded by an action in warranty. The district court sustained plaintiff's motion, and dismissed the action against the warrantor without considering his exception of no cause or right of action. The defendants then also filed an exception of no cause or right of action, which was overruled. After trial of the case on its merits judgment was rendered in favor of the interdict, recognizing his ownership of an undivided interest in the property and ordering it divided in kind. On appeal by defendants the judgment was annulled, on the ground that the warrantor should have had an opportunity to defend the suit; the call in warranty was therefore reinstated, and the case was remanded, to be proceeded with accordingly. See Vance v. Noel et al., 143 La. 477, 78 South. 741.

When the case was reinstated on the docket of the district court, the warrantor filed a prayer for oyer of the letters of curatorship, or the proceedings in which plaintiff claimed that he had been appointed curator of the interdict. In answer to the prayer for oyer, plaintiff filed a certified copy of the order appointing him curator, and a certified copy of his letters of curatorship. The warrantor's exception of no cause or right of action was then taken up and argued before another judge of the district court, and was sustained.

Two distinct arguments were made in support of the exception of no cause or right of action. The first reason urged for contending that the petition did not disclose a cause or right of action was that the appointment of plaintiff as curator was made not by the judge, but by the clerk of court. The second complaint was that plaintiff did not allege in his petition that a certain will or testament,

by which he claimed that the interdict had inherited the interest in the property from Dr. Rosborough W. Vance, had been probated and ordered executed. The district judge found no merit in the first complaint, but sustained the second.

[1] The argument in support of appellee's first contention is that the authority of the clerks of the district courts to appoint curators is restricted to appointments of curators ad hoc, or special curators, to defend the interests of interdicted persons in particular instances. The statute, however (section 4 of act 43 of 1882, p. 55, as amended by Act 13 of 1894, p. 11), declares:

"In the absence of the judge from the parish, or in case of his recusation they [meaning the clerks of the district courts throughout the state] shall have power to * * * appoint curators and curators ad hoc," etc.

It is not contended that the judge was not absent from the parish when the clerk made the appointment in this instance; and it is not to be presumed that the judge was present, and that therefore the clerk acted without authority. If it should be conceded—and it is not by any means conceded—that the validity of the appointment of the curator, and of his letters of curatorship, could be questioned in this collateral manner, we would yet find no merit in the complaint.

[2] The allegation in plaintiff's petition, regarding the testament under which he claims that the interdict inherited an interest in the property, is as follows, viz.:

"That the said interdict, James Washington Vance, inherited the above-described undivided interest in said property from Dr. Rosborough W. Vance, as will be shown by reference to the last will and testament of the said Rosborough W. Vance, recorded in Bossier parish, La., in volume M of Mortgages, pp. 264 and 265, and in Will Book B, pp. 257 and 258, and also recorded in Caddo parish, La., in Conveyance Book 14, p. 358, a certified· copy of which is hereto annexed and made part hereof."

The certified copy of the will was not annexed to the petition, as alleged; but it was introduced in evidence on the trial of the suit against the original defendants, after the call in warranty had been dismissed. Copies of the probate proceedings, showing that the will had been admitted to probate and ordered executed, were also introduced in evidence, and were therefore before the court when the warrantor's exception of no cause or right of action was taken up and heard. The ruling that the petition did not disclose a cause of action, merely because plaintiff had not alleged that the will had been admitted to probate and ordered executed, was therefore extremely technical. The district judge cites, in support of his ruling, six decisions by this court maintaining the provision in article 1644 of the Civil Code that a testament cannot have effect until it has been admitted to probate and ordered executed, viz.: Vidal's Heirs v. Duplantier, 7 La. 37; Stewart's Curator v. Row, 10 La. 350; Aubert v. Aubert, 6 La. Ann. 104; State ex rel. Remendo v. Judge, 17 La. Ann. 189; Succession of Earhart, 50 La. Ann. 534, 23 South. 476; and Sprowl v. Lockett, 109 La. 894, 33 South. 911. None of these decisions is appropriate to the question at issue. State ex rel. Remendo v. Judge was a mandamus proceeding to compel the judge to admit a will to probate. His answer was that the estate of the testator had been administered and delivered to the legal heir, under an order of court. This court issued a peremptory mandamus, saying, incidentally, that the will could not have effect until probated and ordered executed. The suit of Sprowl v. Lockett was dismissed on an exception of no cause of action, because, from the allegation that the will had been "lost, destroyed, or burned," it appeared on the face of the petition that the will had not been admitted to probate. In each of the four other cases cited, the evidence adduced, on trial of the suit on its

merits, showed that the will had not been admitted to probate or ordered executed.

Our opinion is that plaintiff's allegation that the interdict whom he represented had inherited the property by virtue of the will of the party named, together with the reference to the pages of the public records on which the instrument was recorded, was sufficient to warrant the introduction in evidence of the probate proceedings, showing that the will had been admitted to probate and ordered executed. If the will had not been probated or ordered executed, the omission would have been a matter of defense, to be urged as an answer to the suit.

[3] It is suggested by appellant's counsel that the judgment rendered originally against the defendants in this case should be reinstated and made final. That judgment was rendered by a predecessor of the judge who rendered the judgment from which this appeal was taken, and it was annulled and set aside on the former appeal. To reinstate it now would be not consistent with our former decree. It is true, all of the evidence that the defendants saw fit to introduce is in the record, and it may be that the district judge will have nothing more to do in the case than to render judgment, as far as the defendants are concerned. But the judge from whose decree this appeal was taken has not rendered judgment on the merits of the case. For that reason we are constrained to remand the case, to be proceeded with upon its merits.

The judgment appealed from is annulled, and it is ordered that this case be remanded to the district court for further proceedings upon its merits, and not inconsistent with the foregoing opinion. The costs of this appeal are to be borne by the appellee, warrantor; all other costs are to depend upon the final judgment.