The plaintiff has filed this suit wherein it alleges that the defendant is indebted unto it in the sum of $864.50, together with interest at the sum of 8% per annum from December 30th, 1947, until paid, with 25% upon the amount of principal and interest as attorneys fees, as they are the holders and owners in due course for a valuable consideration before maturity of one promissory note dated October 30th, 1947 and signed by Shedrick Harris, defendant herein, which note is made payable to the order of "bearer" in the full sum of $926.25, payable in fifteen monthly installments of $61.75. Plaintiff further alleges that this note is secured by chattel mortgage, lien and privilege upon one 1938 Ford Fordor Sedan, all as will more fully appear by reference to a duplicate original of said act of chattel mortgage which is annexed to and made part of plaintiff's petition.
The defendant filed an exception of vagueness based upon the following:
"Allegation 5 of plaintiff's petition sets forth that a chattel mortgage was given to plaintiff by defendant, which chattel mortgage was made a part of said allegation, and a copy of same attached to plaintiff's *Page 462 
petition; said chattel mortgage in Item 6 thereof sets forth $216.25 as the amount charged for finance charges, including insurance, if any. Plaintiff should be ordered to amend its petition to show the exact amount of finance charges and the exact amount of insurance charged defendant."
The Judge of the Lower Court on March 2d 1948, sustained the exception of vagueness and the plaintiff was ordered to amend its petition as prayed for and was given a reasonable time in which to comply with the ruling of the Court. Plaintiff, instead, filed application for a new trial and rehearing which was overruled on May 3, 1948, and, on May 10th, 1948, the plaintiff having failed to comply with the judgment of the District Court, judgment was signed dismissing plaintiff's suit as of non-suit.
From this ruling and judgment the plaintiff has appealed.
Plaintiff contends that it "is an innocent holder of a note in due course and before maturity and knows and can know nothing of the defenses that the defendant may ultimately make, to require plaintiff to set forth the details of this transaction to which it is not a party and to which the defendant is a party is contrary to the conception of pleadings of our State."
An inspection of the chattel mortgage annexed to the petition of plaintiff shows that it was drawn up on forms of the plaintiff, and Item Six, as written therein, could or could not include insurance. Further, this chattel mortgage stipulates:
"The mortgagor hereby agrees and binds himself to keep the personal property above described constantly insured against risk of loss by fire, theft and collision, with insurance companies acceptable to the mortgagee to an amount not less than the sum due on the note herein described until the full and final payment of the said promissory note, and the satisfaction of all the obligations herein undertaken, the policies of insurance to contain a clause that in the event of loss, if any, payment shall be made to the holder or holders of the said promissory note as its, or their, interest may appear, and to transfer and deliver unto the said mortgagee the policy or policies of such insurance, the mortgagor consenting and agreeing that the said holder or holders shall have the right to transfer such policy or policies to any future holder or holders of the said note, and that in case of failure of the said mortgagor to effect such insurance, the said note in its entirety shall at once become due and exigible. The holder or holders of the said note shall at their option, however, in case of the failure of the said mortgagor to effect such insurance, have the right to have the property herein mortgaged insured to an amount not less than the sum due on the note herein described, and the reimbursement of all sums paid for that purpose at a premium not to exceed Ten ($10.00) Dollars per hundred shall be secured by the mortgage herein granted."
Under our law, "the point at which the allegations of a petition become too vague and indefinite to admit of proof, if there is any such point, must, in the nature of things, be variable, and cannot be established by any rule which can be applied in all cases alike." In re Sprowl's Will, 109 La. 352, 33 So. 365, 367.
Also: "Vague and general allegations cannot support a petition. The cause of action, the object of demand, and the nature of the title must be stated with such certainty to apprise defendant of every circumstance necessary to put him on a just defense and to bar a subsequent investigation of matters once decided." Duncan's Syndics v. Bechtel, 6 Mart. O.S. 510; Ralston v. Barclay, 6 Mart O.S. 649, 12 Am. Dec. 483; Ory v. Winter, 4 Mart., N.S. 277; Florance v. Nixon, 3 La. 289; Hatch v. City Bank, 1 Rob. 470; Succession of Kendrick, 7 Rob. 138; Barrett v. Zacharie, 2 La. Ann. 655; Blackly v. Matlock, 3 La. Ann. 366; Gremillon v. Bonaventure, 4 La. Ann. 60; Seghers v. Lemaitre, 5 La. Ann. 263; Gantt v. Gantt, 6 La. Ann. 677; Perkins v. Potts, 8 La. Ann. 14; Parish v. Municipality No. 2, 8 La. Ann. 145.
Plaintiff does not state that it does not know exactly what charges are covered by the $216.25 but that it is not required to divulge or set forth such information. However, plaintiff is suing for this amount and the chattel mortgage and note are annexed to and made part of plaintiff's pleadings. *Page 463 
In view of the fact that this mortgage which is a part of plaintiff's pleadings was drawn on plaintiff's form, and in view of the stipulation with regard to insurance in the act of mortgage, and the fact that this chattel mortgage contains Item Six which is, on its face, vague and indefinite in that the amount of $216.25 could or might be part insurance and part finance charge or all finance charge, which would possibly make quite a difference in defendant's position, and in view of the fact that we do not believe that defendant, who is a Negro, is, under the facts as shown by the pleadings and documents annexed thereto by plaintiff, in a better position than plaintiff to know whether the $216.25 is a finance charge or also includes a charge for insurance, we are of the opinion that the judgment of the District Court is correct and it is accordingly affirmed at the cost of the plaintiff.