263 So.2d 330

Joseph A. AIREY, Jr., et al.

v.

Mrs. Marguerite SAMPSON, Widow of Joseph A. Airey, Sr.

No. 51672.

June 5, 1972.

Rehearing Denied June 29, 1972.

Kehl & Pickering, Kenneth E. Pickering, Reuter, Reuter & Schott, Arthur C. Reuter, New Orleans, for defendant-appellant.

Jacob H. Morrison, New Orleans, for plaintiffs-respondents.

DIXON, Justice.

This is a contest between a lawyer and a bank over the possession of an olographic will confected by one who was subsequently interdicted. In the interdiction proceedings, the Hibernia National Bank in New Orleans, curator of the property of the interdict, and the curatrix of the person of the interdict joined in a "Motion to Obtain Will and Other Property." The bank alleged that Mrs. Marguerite Sampson, widow of Joseph A. Airey, Sr., had confected an olographic will which was in the possession of the defendant in rule, Kenneth E. Pickering, who refused the bank's demand for the possession of the will. The lawyer answered the rule to show cause alleging that his possession of the will was pursuant to instructions from Mrs. Airey.

There was judgment in the district court making the rule absolute and ordering the will delivered to the court, and in turn to the curator, with instructions that the will be placed in a safety deposit box, not to be opened except under order of court.

The Court of Appeal affirmed. 250 So. 2d 52. We granted writs on the application of the lawyer.

One of the allegations of the lawyer in his answer to the rule was to the effect that he had been instructed by Mrs. Airey

not to show the will to anyone nor to allow anyone to gain possession of it. The will was filed in the record by the lawyer, attached to the first answer he filed to the first rule brought by the bank to obtain possession thereof. That rule was subsequently dismissed and a new rule obtained.

■ The existence of a copy of this will (which apparently contains no unusual provisions, leaving the bulk of the property to the two children of the testatrix) prompted questions from the court concerning the reason the bank thought it was important to have possession of the will. Since the existence of the original will is not essential to its probate, if accidentally lost or destroyed,[1] the safekeeping of the original is not of great importance. In fact, before us, the bank makes no contention that the original is not safe in the possession of the lawyer, and makes no explanation of its desire for possession, except that "there ought to be one head man" in managing the affairs of the interdict.

The will involved was confected on August 2, 1969. The curator alleges, but did not prove, that Mrs. Airey wrote the lawyer on August 6 informing him that she had intended to revoke the testament of August 2 and had confected another will to accomplish the revocation. We have before us a controversy over an instrument which can be effective even if lost or destroyed, and which is alleged to be ineffective because of its revocation.

On October 31, 1969, approximately three months after the confection of the will involved, Mrs. Airey's son and daughter filed a petition for interdiction. Mrs. Airey was about eighty-eight years old and in a habitual state of senility. A hearing on the interdiction petition was held on March 16, 1970 and there was judgment pronouncing the interdiction on the same day. The bank contends that the will is property of the interdict, and it is obligated (under Articles 4554 and 4262 of the Code of Civil Procedure) to take possession of the interdict's property. The bank quotes from American Jurisprudence, and argues that the lawyer's citations and authorities, derived from citations and quotations from Corpus Juris Secundum, "lend no solid support" to his case.

The lawyer asserts that the bank does not need the will, for: there is nothing in the will to affect the administration of the interdict's property; it has no legal effect

---

1. A lost or accidentally destroyed will may be probated if it can be shown that the testator made a valid will, what the contents or substance of the will was, and that after a diligent search after the testator's death the will could not be found and was never revoked. McGregor v. McGregor, 236 La. 184, 107 So.2d 437; In re Succession of Nunley, 224 La. 251, 69 So.2d 33; Succession of O'Brien, 168 La. 303, 121 So. 874; In re Sprowl's Will, 109 La. 352, 33 So. 365; Fuentes v. Gaines, 25 La.Ann. 85, rev'd on other grounds, Gaines v. Fuertes, 92 U.S. 10, 23 L.Ed. 524.

until her death; the will is not an asset of the succession.

The Court of Appeal held that a will was property and that the curator was under a duty to preserve it. The Court of Appeal also affirmed the trial court in its disallowance of interrogatories directed to plaintiffs, holding that there was only a matter of law before the court.

In effect, the Court of Appeal has held that the curator is entitled to possession of the will on demand, and without further explanation.

The dissenting opinion in the Court of Appeal attacked the problem by reference to civilian authorities, concluding that although the will is a "thing" belonging to the interdict, it is personal to the interdict, does not form part of her patrimony, and is not a part of her estate. The dissenting judge was of the opinion that the curator should not be able to elect to revoke a personal arrangement made by the interdict except upon a showing that the action is necessary for the preservation of the property, or for some other valid economic reason. The dissenting opinion also pointed out that Civil Code article 2951, relied on by the majority, does not obligate the depositary to deliver the deposit to the curator upon the depositor's interdiction, but merely prohibits the restoration of the deposit to any person other than the curator.

■ The question presented is not moot because there is an actual controversy between the parties over the possession of a document. Nor has defendant acquiesced, although he furnished a copy of the instrument sought. Neither party is the owner of the document sought. Each claims to be under an obligation or duty to preserve it for the testatrix—the lawyer because of the deposit of the will with him and the curator because of its duty to preserve the interdict's property.

■ No injustice has been done by the orders of the courts below. While we might not have reached the same decision if the issues had been placed before us for the first time, we are unaware of any beneficial effects which might be accomplished by a reversal. The rights of the interdicted testatrix have been adequately safeguarded. The lawyer has been relieved of the duty placed on him by his client, and the lawyer's rights (he was named attorney for the succession in the will in controversy) are not jeopardized by the order of the trial judge.

We should not reverse the judgments of the courts below if the reversal would not be beneficial. The Court of Appeal taxed plaintiffs-respondents with costs, for reasons which we approve.

The judgment of the Court of Appeal is affirmed, at the cost of plaintiffs-appellees.

McCALEB, C. J., and SANDERS, SUMMERS, and BARHAM, JJ., con-

curred in result; HAMLIN, J., concurred in result with written reason.

HAMLIN, Justice (concurring).

It is my view that the attorney was merely the agent of Mrs. Airey, Sr., in holding her will—not a trustee.

She could have terminated the agency at any time and demanded the return of her will.

When she became interdicted, the agency expired. See LSA–R.C.C. Art. 3027.

Therefore, in any event, the result reached by the Court of Appeal and this Court is correct.

I respectfully concur in the result.