415 So.2d 238 (1982)
SUCCESSION OF Francis Hale BAGWELL.
No. 14830.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1982.
*239 James Sharp, Jr., Monroe, for plaintiff-appellant, H. E. Martin.
John S. C. Massey, West Monroe, for defendant-Administratrix of The Succession of Francis Hale Bagwell.
Before PRICE, HALL and FRED W. JONES, Jr., JJ.
HALL, Judge.
Alleging that the decedent left a will which could not be located because it was destroyed, misplaced, or suppressed by a nephew of the decedent, plaintiff Martin petitioned to probate the alleged will which named him and his wife as legatees. An unsigned copy of the will was attached to plaintiff's petition. The district court sustained defendants' plea of judicial estoppel based on a prior judgment rejecting the petition of plaintiff's wife to probate the alleged will, but that ruling was reversed on appeal and the action was remanded for trial. Succession of Bagwell, 391 So.2d 919 (La.App. 2d Cir. 1980). After trial, the district court found that plaintiff failed to prove the will was destroyed by the nephew and further found that the will was destroyed by the decedent himself prior to his death. From a judgment rejecting plaintiff's demands, he appealed. We affirm.
A lost or accidentally destroyed will may be probated if it can be established *240 that the testator made a valid will, what the content or substance of the will was, and that after a diligent search the will could not be found and was never revoked. Airey v. Airey, 262 La. 383, 263 So.2d 330 (1972). The fact that a will shown to have been in the possession of the testator cannot be found after the testator's death gives rise to a presumption that the testator revoked the will by destroying it. This presumption may be rebutted by proof that the testator did not revoke the will. In re Succession of Nunley, 224 La. 251, 69 So.2d 33 (1953); Succession of O'Brien, 168 La. 303, 121 So. 874 (1929); Succession of Franks, 170 So.2d 178 (La.App. 4th Cir. 1964), writ denied, 247 La. 361, 171 So.2d 478 (1965).
These rules apply to an action to probate a will where it is alleged that the will cannot be located because it has been destroyed by someone other than the testator. Clear and convincing proof that a person other than the testator destroyed the will without the direction, consent, or permission of the testator would be sufficient to overcome the presumption that the testator revoked the will by destroying it.
Decedent died July 18, 1979 survived by a number of collateral relationsbrothers, sisters, nieces, and nephews. It was established that in October 1978 decedent executed a statutory will at the office of his attorney, bequeathing all of his property to Mr. and Mrs. Martin who were decedent's close friends and who had provided attention to him for many years. It was further established that on May 29, 1979 decedent went to the attorney's office, expressed dissatisfaction with the Martins and an intent to change his will, and obtained either the original or an executed duplicate copy of the will from the attorney. The evidence shows that decedent had a falling out with plaintiff about that time, probably relating to the fact that plaintiff and his wife had separated.
Four witnesses testified decedent told them shortly before his death that he had torn up the will. One witness was the nephew accused of destroying the will who would inherit a small fractional interest in decedent's modest estate if decedent died intestate. The other witnesses were a neighboring couple without any interest in the matter, and plaintiff's son, whose interest would seem to lie with the plaintiff.
Plaintiff's wife testified that decedent obtained from her a copy of the will, stating that he intended to eliminate plaintiff from the will, but that decedent later told her he had not changed the will. Decedent's brother and his wife testified that decedent told them shortly before his death he still had the will and had "something" to take care of Mrs. Martin.
It was established that the nephew had possession of decedent's metal strongbox where he kept his papers and records, and that it was given to the nephew by the decedent when the nephew, at decedent's request, took him to the hospital during his last illness. There was some evidence that a window in the house had been broken during decedent's illness and that a piece of furniture had been tampered with at some unestablished time, but the evidence did not establish that the house had been ransacked as contended by plaintiff.
Plaintiff's evidence was insufficient to rebut the presumption that the decedent destroyed the will. Plaintiff proved that the decedent made a valid will and proved the content of the will, but he failed to prove the will was not revoked by the decedent. In fact, as found by the trial court, the preponderance of the evidence is that the decedent, because of the falling out with plaintiff, obtained the will or a signed copy from the attorney and destroyed it. The nephew had the opportunity to destroy the will if it existed at the time plaintiff went to the hospital, but there is no evidence that he did so or that he had any significant reason to do so.
Plaintiff contends the trial court should have granted his motion for new trial based on allegations of newly discovered evidence which consisted of the testimony of additional persons that decedent told them he was leaving his property to the *241 Martins and the testimony of one of the witnesses at the trial that he later remembered the nephew telling him after decedent's death that there was a will.
LSA-C.C.P. Art. 1971 provides that a new trial shall be granted where a party has discovered, since the trial, evidence important to the cause which he could not, with due diligence, have obtained before or during the trial. The record does not indicate any reason why the additional evidence could not have been obtained prior to trial, nor does it appear that the additional evidence would be sufficient to change the result in this case. We find no error in the trial court's denial, after a hearing, of the motion for new trial.
The judgment of the district court is affirmed at plaintiff-appellant's costs.
Affirmed.