EASTERN DIST.<br>
<i>February,</i> 1837.<br><br>
CLAPPIER ET AL.<br>
<i>vs.</i><br>
BANKS.

<hr>

## CLAPPIER ET AL. *vs.* BANKS.*

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

11  593<br>109  897

In an action of revendication, persons claiming to be instituted heirs under a will alleged to be lost or destroyed, will not be allowed to prove its existence, loss and contents, in the District Court, when it has never been admitted to probate.

So, after suit is commenced in the District Court, the cause will proceed without waiting for the plaintiffs, who claim as testamentary heirs, to establish the will and heirship in the Probate Court.

This is an action of revendication, in the petitory form, in which the plaintiffs claim title to a house and lot, in the possession of the defendant, as the *nearest* relations, and as

<hr>

*This case was omitted in February term, 1837.

heirs of one Pierre Augustin Meuillon, who died in Louisiana about the year 1810.

[This case is now reported out of its regular order.]  See *the same case on the merits, in* 10 *Louisiana Reports,* 60.

In the course of the preliminary proceedings, the plaintiffs also made claim to the succession of Meuillon as instituted heirs under a will alleged to have been lost and destroyed, but never admitted to probate.  On the trial, the plaintiffs offered to prove by witnesses, and documentary evidence, the previous existence and destruction of the last will and testa-ment of said Louis Augustin Meuillon ; and that by the provisions of said will, the plaintiffs, or those under whom they claim, were instituted heirs of the testator, for the whole of his succession, embracing the property in controversy ; they further offered to prove the contents of said will, and that it was made in due form of law.  To the introduction of all this testimony the defendant objected, on the following grounds :

1st. That the District Court had no jurisdiction to inquire into the destruction of a will, or to recognize a claim under it, when it has not been admitted to probate in the Court of Probates.

2d. That the alleged existence and destruction of the will should have first been established and proved in the Court of Probates, before any claim can be set up under it, in the District Court.

3d. That no proof of the destruction of said will can be legally made in the present suit.   The court sustained these objections, and the plaintiffs took a bill of exceptions, and finally appealed.

*Fourchy, Soulé* and *Magnin,* for the plaintiffs, insisted on the right to offer proof of a will once existing, in which they claim to be instituted heirs, before trying the case on the merits, and on the plaintiff's claim as the nearest relations and legitimate heirs of the deceased.   If this branch of the case is sustained, the second is unnecessary.

*Mazureau, Pichot* and *Conrad,* for defendant and the warrantors, opposed the right of the plaintiffs to establish and

prove the contents of a will, to show they were instituted heirs, in the District Court, when the will had never been admitted to probate.

EASTERN DIST.
*February,* 1837.
—
CLAPPIER ET AL.
*vs.*
BANKS.

*Martin, J.,* delivered the opinion of the court.

The plaintiffs lay claim as heirs at law, and as testamentary heirs of Meuillon, to a certain house and lot in the possession of the defendant.

The court of the first instance declined to examine into the title of the defendant, until the plaintiffs had caused themselves to be recognized as testamentary heirs in the Court of Probates. There was judgment for the defendant, the court considering the person under whom he held, as the legal heir of Meuillon. The plaintiffs appealed.

The counsel for the appellant has urged only, as ground of error, that the district judge ought not to have acted on the claim of the heirs at law, before their pretensions as testamentary heirs were sustained or rejected by the Court of Probates.

We cannot see any good ground for this delay. If the plaintiffs fail in the Court of Probates, there will be an end of the matter. If they establish these, the will under which they claim, the judgment now appealed from will not stand much in their way.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

In an action of revendication, persons claiming to be instituted heirs under a will, alleged to be lost or destroyed, will not be allowed to prove its existence, loss and contents, in the District Court, when it has never been admitted to probate.

So, after suit is commenced in the District Court, the cause will proceed for the plaintiffs, who claim as testamentary heirs, to establish the will and heirship in the Probate Court.