BAPTISTE CALAIS et al. *v.* J. SEMERE.

An absolute nullity of a testament arising from defects of form, is cured by the lapse of five years, when the execution of the will has been ordered by a court of competent jurisdiction.

The Probate of a will which was null for defects of form, though made *ex parte*, is a sufficient basis for the prescription against an action to set aside the will for nullity.

APPEAL from the District Court of St. Martin, *Voorhies,* J

C. H. *Mouton,* for plaintiffs and appellants: Cited C. C. 1588, 1640, *Gaude* . v. *Baudoin,* 6 L. R. 725; 16 L. R. 80; 12 Rob. 35; 10 L. R. 533; 5 Ann. 265; ib. 612.

*E. Simon* and *A. Deblanc,* for defendant: Cited 1 N. S. 73; 3 N. S. 368. Toullier, vol. 5, Nos. 429–30. *State* v. *Martin,* 2 Ann. 715; 3 Ann. 329; ib. 522.

VOORHIES, J. The plaintiffs, as the legal heirs of *Louis Semeré,* deceased, seeks to set aside his will constituting *Marie Martha Semeré* as his universal legatee, on the following grounds: 1st. Because said testament does not on its face make full proof of itself, and is therefore null and void as a noncupative testament by public act. 2d. Because all the requisites of law for the validity of a noncupative testament have not been fulfilled, in this, that no mention is made in the said testament that the subscribing witnesses thereto were residents of the Parish of St. Martin, where it appears the said testament was made and received. It is also urged by the plaintiffs in their petition, that the judgment ordering the execution of the will is a nullity, for the following reasons: "1st. Because the said testament being defective and null, in this, that it did not bear on its face the evidence that the subscribing witnesses thereto were residents of the Parish, where it appears it was written and received, and because said testament did not make full proof of itself, the execution of the same could not be ordered by the Probate Judge, without notifying the heirs of the testator; and 2d. Because said testament has never been recorded as required by law."

The defendant, who is the testamentary heir of *Marie Martha Semeré,* deceased, urges in his answer: 1st. That the testament of *Louis Semeré* is valid in its form, and that the residence of the witnesses is sufficiently mentioned therein, so as to show the fact on its face. 2d. That if said will contains any defects of form, the same is cured by the prescription of five, ten and fifteen years, which he pleads in bar of the present action in nullity.

The Court below sustained the plea of prescription, and gave judgment in favor of the defendant, and the plaintiffs have appealed.

We do not think the Judge *a quo* erred. The Civil Code, Article 3507, provides, "that the action of nullity or rescission of contracts, testaments or other acts, &c., are prescribed by five years, when the person entitled to exercise them is in the State" &c. The defect of which the appellants complain is one of form. It is true, defects of form in a will are absolute nullities, but we think it is well settled that such nullities may be cured by the lapse of time. *State* v. *Martin,* 2 Ann. 715; 3 Ann. 329; 16 L. 91. The execution of the will in this case, was ordered by a Court of competent jurisdiction, and the judgment giving effect to the will formed a sufficient basis for the prescription of the action of nullity. C. P. 980. It is correctly remarked by the District

Judge that "it is immaterial for the decision of this case, whether the judgment of the Court of Probates, homologating the will of *Louis Semeré*, was or was not given, *ex parte ;* for, such a judgment could not be a bar to the plaintiff's right of action, if the time fixed for prescription had not run out. It is not the action of nullity of the judgment of homologation, that is prescribed by five years, but the action to set aside the will itself."

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs in both courts.