### No. 11,061.

### SUCCESSION OF MRS. WILHELMINA JUSTUS.

While the *ex parte* judgment admitting a will to probate is a *prima facie* presumption of its correctness, under the provisions of Art. 3245, C. C., such a judgment is not a bar to an action to annul it if the time fixed for prescription had not expired.

If it has expired, the prescription of five years, unless there be minor heirs, will protect a party holding under it, provided it contains such dispositions as are not prohibited by law and the settled policy of the State.

A party holding under a will defective in form for more than five years, and sells said property at public auction, the adjudicatee can require the vendor to satisfactorily show that there are no minor heirs, who may in the future disturb his possession.

The words to be " held and enjoyed " by the legatee, following the disposition of property in a will, where solely used, without qualification or other disposition of the property, do not create a usufruct. The property is absolutely disposed of to the legatee.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

### Buck, Dinkelspiel & Hart for the Executors, Appellants:

1. Where the will directs the executors to sell all the property, that direction must be carried out. Revised Civil Code, 1669, 1683.
2. A judgment of possession rendered in a succession is entitled to full effect until set aside. 33 An. 827.
3. Possession under a title for ten years, even though the title be not good, cures all defects by prescription. 38 An. 889.
4. He who alleges interruption of prescription must prove it. 20 An. 565; 21 An. 293; 26 An. 245.
5. He who interposes a defence of minority must prove it. 5 An. 525.
6. The prescription of five years applies to a last will and testament, defective in form. 10 An. 684.

---

### Chas. F. Claiborne contra:

1. A nuncupative testament by public act which fails to recite that the witnesses are "residing in the place where the will is executed" is null. O. C. 1578 (1571); 40 An. 593, Succession of Vollmer.
2. A judgment ordering the execut'on of such a testament, and recognizing the legatee mentioned therein, and putting him in possession of the property left by the testator, has no greater force than the testament itself. It is a nullity, if the testament is pronounced a nullity.
3. The legatee under such a testament, who shields himself behind the prescription of five years against the action for the nullity of testaments, as provided by Art. 3542 (3507), Civil Code, must prove that, as provided by said article, there are no minors interested.

---

### Fred. Adolph, E. J. Meral and Jerome Meunier on same side:

1. The burden of proof is on him who has to support his case by a fact of which he is supposed to be most cognizant, and the evidence of which is more within his power than than that of his opponent. 15 An. 509, 663; 11 M. 4, 194; 3 La. 534; 10 An. 639; 13 An. 497.
2. A fact material to plaintiffs' case and susceptible of proof by him, he must prove, though negative in character. 14 An. 207; 1 Greenleaf, Sec. 78. Traité des Preuves par Bonnier, pp. 33 et seq.
3. The burden of proof of the fact that there are no minors against whom the prescription of four years against the action to annul a testament has not fully acquired is on the plaintiff who tenders title to an adjudicatee under a testament null on its face.
4. A judgment putting a universal legatee in possession under a testament absolutely null on its face is not such a title as can be made the basis of the prescription of ten years. It is not one which in form and intent is translative of property; one which is without a defect stamped on its face. 38 An. 209, 885.
5. It is the duty of him who pleads prescription to make out by proof the fact to constitute a sufficient basis for his plea. C. C., Art. 3542; 4 An. 470; 16 An. 353; 44 An. 593; 6 N. S. 88; Hennen, Vol. 1, p. 497; Evidence 8, par. 28; Louque's Digest, p 237; Evidence 8, par. 1.
6. It is incumbent on plaintiff under the law to tender a title free of all clouds or doubts, and his purchaser can not be coerced to accept a title suggestive of future litigation on the very face of the papers. 40 An. 847.

The opinion of the court was delivered by

McEnery, J.   The appeals in these cases were taken by the executors of the last will and testament of the deceased Mrs. Justus from the judgment discharging the rules taken against the adjudicatees of certain immovable property sold at public auction by the executors in accordance with the direction of the testator.

The property was bequeathed to Mrs. Justus by her first husband, Joseph Armbruster, as universal legatee.   The will was in the nuncupative form by public act.   The will failed to state the residence of the witnesses and was defective in form, and therefore on the face of it null and void.

The will was probated on the 24th of November, 1876, and judgment was rendered thereon putting her in possession of the testator's estate.

It is contended by the plaintiffs that Mrs. Justus derived title to the property from the effect of the judgment, and by defendant that the will was the source whence she derived title, and was the foundation for the judgment, and which was therefore null and void.

Whether Mrs. Justus obtained title from the will or the judgment is immaterial in this controversy, as the will itself notwithstanding the judgment could be attacked and set aside by minors, who, it is alleged, may possibly exist, at any time within five years after their majority.   R. C. C. 3542.

The ten years' prescription pleaded by plaintiffs, therefore, can have no application in a case like this.   The will being defective in form and null and void could not form the basis for the ten years' prescription, as it was not a title translative of property.   Pattison, Wife, vs. Maloney, 38 An. 885.

The execution of the will in this case was ordered by a court of competent jurisdiction, and the judgment giving effect to it formed a sufficient basis for the prescription of five years.   Callais vs. Sombre, 10 An. 684.

While the *ex parte* judgment admitting the will to probate is a *prima facie* presumption in favor of its correctness, it is very clear from the provisions of Article 3542, Revised Civil Code, such a judgment could not be a bar to an action to annul it, if the time fixed for prescription had not expired.   If it has expired, the prescription of five years, unless there are minor heirs, will protect a party holding under it, provided it contains such dispositions as are

not prohibited by law and the settled policy of the State. The prescription of five years against the action to annul a will begins to run against minors only after their majority. If there are minors. it is very evident that the action in their favor to annul the will is suspended until five years after their majority. A will, therefore, defective in form, remains open to attack by minors during this period. No judgment can give it effect, as against them, conferring ownership of the property bequeathed. The defect is cured only by lapse of time and the expiration of the five years after majority. The question raised is, upon which party, plaintiffs in rule or defendant, rests the burden of proof as to the existence of minor heirs of the testator, Joseph Armbruster.

It is a general and universal principle that he who avers prescription and relies upon it as a defence must prove all the facts necessary to establish it, and the same principle applies to the party who relies upon the interruption of prescription.

The plaintiffs have tendered to the defendant a title which they aver is perfect, and while admitting the defective form of the will, which strikes the same with nullity, they claim that is covered by five years' prescription.

They rely upon the case of Frierson vs. Irwin, 5 An. 525, in support of their position that it is incumbent upon defendants to prove the fact, the existence of the minors, which suspends the time of prescription.

In this case the defendant was sued for a slave brought from the State of Alabama where he was sold.

In accordance with the law of Alabama the plea of six years' prescription was filed. The minority during advance possession of one Delevey, former possessor of the slave, was pleaded by defendant.

In the opinion of the court it was said a proof of this fact would bar the action, and the burden of proof was on him who averred it. The facts in the case and the pleadings in it do not warrant its application in a case like the one under consideration.

This is not a suit for the property, and the defendants are not pleading prescription or its interruption to establish any right of ownership to property.

The defendants are the adjudicatees of immovable property. The title tendered them is defective. They simply assert that they are en-

*13

titled to a perfect title, one free from doubt, and on the face of it free from the suggestion of future litigation.

It is the duty of the plaintiffs to tender such a title, and that is no affirmative requred of defendants. They can not be called upon to make out a title for plaintiffs.

It may be that there are living minor heirs of Joseph Armbruster, the testator; if so, no judgment rendered herein would be a bar to the action to annul the will. There is, therefore, on the face of the title, relied upon by plaintiffs and tendered to defendants, the suggestion of a fact, which, if it exists, will destroy their title, if asserted within the prescriptible time.

If it is a fact that there are no minor heirs of the deceased Joseph Armbruster, it is incumbent upon plaintiffs to prove it to perfect their title, particularly as this fact is more within their knowledge than that of the defendants.

Judgment affirmed.

---

All parties in interest have filed an application for the remanding of this cause for the purpose of taking evidence on the question whether or not any of the heirs of the late Joseph Armbruster were minors.

While adhering to the views expressed in our reasons for the decree, we are disposed to grant the application of appellants and appellees.

It is therefore ordered, adjudged and decreed that our former decree be set aside, and it is now ordered that judgment appealed from be avoided, annulled and reversed, and it is further ordered and decreed that this case be remanded to take evidence on the fact of the existence of minor heirs to the late Joseph Armbruster and to be proceeded with according to law and the views expressed in our opinion.