ALBIN M. RICHARDS *vs.* SECURITY MUTUAL LIFE INSURANCE COMPANY.

Suffolk.    March 7, 1918. — May 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Jurisdiction. Comity. Conflict of Laws. Equity Jurisdiction,* Of suit against foreign mutual insurance company. *Insurance,* Mutual life insurance company.

The courts of this Commonwealth will not take jurisdiction of a suit in equity by a citizen of the Commonwealth against a mutual life insurance company incorporated in the State of New York to determine the amount which should be paid by the plaintiff as premiums according to the provisions of a policy of insurance issued by the defendant, to restrain the defendant from declaring the policy forfeited and to compel it to accept a certain amount as full payment of premiums instead of a larger amount, fixed by a vote of the directors of the corporation and paid by the plaintiff under protest, where it appears that there are provisions of the policy under which it is renewable upon payment of advance premiums at the time and in the manner therein provided, "subject to the provision that, by action of the board of directors, the amount required for mortuary purposes may be raised to conform to the actual mortality experience of the" company, and that the policy must be construed according to the laws of the State of New York.

BILL IN EQUITY, described in the opinion, filed in the Superior Court on August 11, 1917.

The defendant demurred. The demurrer was heard by *Fox,* J., and was sustained. A final decree was entered dismissing the bill. The plaintiff appealed.

*H. L. Brown,* (*C. C. McCarthy* with him,) for the plaintiff.

*A. E. Pillsbury,* (*G. M. Palmer* with him,) for the defendant.

DE COURCY, J. It appears from the copy of the policy, filed by the plaintiff, that it was issued on April 25, 1895, by the Security Mutual Life Association of Binghamton, New York. Even if we assume that the defendant "Insurance Company" has legally been substituted for the "Association," as the party liable under the policy, the defendant's obligation must be ascertained by the language of that instrument, — whose terms could be altered only by a writing "signed by the Secretary and General Manager."

One of the conditions of the policy was: "This contract of insurance is renewable at the option of the insured, before expiration,

upon payment of the advance premiums at the time and in the manner herein provided, subject to the provision that, by action of the Board of Directors, the amount required for mortuary purposes may be varied to conform to the actual mortality experience of the Association." The bill alleges that the defendant increased the annual premium from the original sum ($92.55) to $123.85 in April, 1911, and since then has progressively increased the amount of the premium from year to year; and that he has paid the same under protest. The bill was brought to enjoin the defendant from increasing the annual premiums, to compel it to perform its contract on the annual payment of the original premium, and to account for the increased amounts already paid.

It is settled by the recent case of *Rosenfeld* v. *Boston Mutual Life Ins. Co.* 222 Mass. 284, that the plaintiff cannot recover back the premiums which the defendant collected under a claim of right. There remains the application to compel the defendant to accept the original annual premium as a performance by the plaintiff of his part of the contract.

The first ground of the defendant's demurrer is, that the bill does not set out a case of which the court has or will take jurisdiction. It appears that the defendant is a "mutual life insurance" corporation, created by and existing in the State of New York. There is a meager allegation that "it is doing business in this Commonwealth;" but no statement that it has a usual place of business or any property or officer here. Service of the bill was made upon the corporation by leaving attested copies of the subpoena at the office of our insurance commissioner, presumably in compliance with the provisions of R. L. c. 126, § 4.

We assume that the record shows sufficient jurisdiction in our courts over the person of the defendant to enforce its liability in transitory actions, such as debts due upon matured policies. *Reynolds* v. *Missouri, Kansas & Texas Railway*, 228 Mass. 584. *Dolan* v. *Mutual Reserve Fund Life Association*, 173 Mass. 197. But the purpose of this suit is to have our courts not only determine the proper amount of the plaintiff's annual premium, but to compel this foreign corporation to accept that amount as full payment, and to refrain from declaring the policy forfeited, although the instrument expressly provides that the amount may be varied by the board of directors, and that the policy must be construed according to the

laws of the State of New York where it was executed. Adopting the language of this court in *Kimball* v. *St. Louis & San Francisco Railway,* 157 Mass. 7, 8, "it seems to us clear that, as among the States of this Union, the plaintiffs ought to resort in the first instance to that court which alone can declare the law of the case with authority, and can compel obedience to it by force. It would be a misuse of our powers to attempt to control the action of those courts in a case like this, by an adjudication which would depend upon them for enforcement, and which they might say had mistaken the [New York] law." *Smith* v. *Mutual Life Ins. Co. of New York,* 14 Allen, 336, 341. *Williston* v. *Michigan Southern & Northern Indiana Railroad,* 13 Allen, 400. And there is the further objection to entertaining jurisdiction in this case, that a review of the action of the directors in increasing the annual premium involves the internal relations between a foreign mutual corporation and its members. *Peters* v. *Equitable Life Assurance Co.* 196 Mass. 143, 149.

In view of our conclusion that the demurrer was rightly sustained on the ground of jurisdiction, we express no opinion on the merits of the plaintiff's case.

*Decree affirmed.*