BRUNOT, J.
Plaintiff sues to set aside an act of donation inter vivos of real and personal property; to be decreed the owner of an undivided interest in the property conveyed by the donation; for a portion of the proceeds of the sale of a part of the property made by the donee; and fqr a proportionate share of the rental value of the real estate retained by her.
The attack is based upon three grounds, viz.: That the donor dispossessed himself of all his property; that the act of donation was not, in notarial form; and that the do-nee failed to perform the conditions of the donation.
There is a multiplicity of pleadings and every phase of the case has been contested. The case was before this court in 1920 on an appeal from a judgment sustaining pleas of estoppel. The judgment of the lower court was reversed and the case remanded. In the opinion of this court reported in 148 La. 234, 86 South. 778, Mr. Justice Dawkins, *370 the organ of the court, has fully and accurately stated the case and it is not necessary to restate it here. Following the remand of the case, additional pleadings were’ filed. Defendants pleaded the prescription of 5 and 10 years against the second ground of attack. This plea was overruled. TJiey thereupon filed an exception of no cause of action as plaintiff was 'suing as an ordinary heir to set aside' a donation as being one omnium bonorum, and a similar exception because if suing as a forced heir plaintiff could not demand more than the reduction of the donation to the legitime. Defendants also filed three additional pleas of prescription, viz.: The prescription of 5 and 10 years to the attack upon the donation for the alleged failure of the donee to perform its conditions; the prescription of 5 years to the attempt of plaintiff to reduce the donation to the legitime; and the prescription of 3 and 10 years to plaintiff’s demand for a pbrtion of the proceeds of the property sold and for a portion of the rental value of the real property retained. None of these pleas appear to have been directly passed upon by the lower court, and, as there were no docket entries made after the case was remanded, we assume that they were referred to and considered with the merits.
The trial on the merits resulted in a judgment dismissing plaintiff’s suit and decreeing that thé property involved in the litigation belonged to the succession of Bythallow Haynes, deceased. From this judgment plaintiff has appealed.
The lower court found that plaintiff’s suit was really an action to reduce an excessive donation. In his written reasons for judgment the. district judge seems to have sustained two of the pleas of prescription, but he omitted mention of them in his decree. In the reasons referred to the judge says:
“If the said donation is an agreement then it seems as if article 2221, C. C., would govern and the plea be sustained.
“Under heading Prescription of Five Tears, article 3542, rescission of contracts, testaments or other acts for nullity and for the reduction of excessive donations are cited, as coming thereunder. This is an action for reduction of excessive donation, and it seems that it should be governed by this plea of prescription.
“In actions of this character the complainant is required to make out her case. In this instance it must be admitted that the ’act complained of is an onerous donation and unless complainant establishes to the satisfaction of the court that services rendered to the donor by the donee were less than one-half the value of the property then the action must fall.”
Having reached the conclusion that the donation was not a gratuitous but an onerous one, and that the suit was for a reduction of an excessive donation, the trial judge, without further comment upon the pleas of prescription, reviewed the testimony, and finding, as a fact, that the donor did not dispossess himself of all of his property, but retained sufficient for his meager wants, and that the donee complied with the conditions of the donation and rendered services of a value equal to one-half of the value of the property donated, he applied the rule that the burden is upon the plaintiff to sustain her allegations by a preponderance of the proof, and rendered his judgment accordingly. We have read the record, and we concur in the lower court’s finding of fact. We are therefore of the opinion that the donation was not one omnium bonorum, and for this reason it is unnecessary to consider whether or not plaintiff’s right to attack it on that ground is barred by prescription. We are also of the opinion that it is not necessary to consider whether the right to attack the donation, upon the ground of alleged nonfulfillment of the conditions imposed upon the donee, is prescribed, because the facts show that the donee is not chargeable with any laches or omission of duty. We are also of the opinion that the donation attacked is an onerous donation. Landry v. Landry, 40 La. Ann. 229, 3 South. 728.
*372 All of the questions presented are therefore disposed of adversely to plaintiff’s contention, except the attack upon the donation as not being in notarial form. Is it sacramental that an onerous donation inter vivos be made in notarial form? Is such a donation made otherwise than in notarial form an absolute nullity and imprescriptible, or is it susceptible of ratification and the right of collateral or forced heirs suing to annul it barred by the statute of limitations?
Article 1536, C. C., is as follows:
“An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.”
In this connection we quote article 1526, C. C.:
“In consequence, the rules peculiar to donations inter vivos do not apply to onerous and remunerative donations, except when the value of the object given exceeds by one half that of the, charges or of the services.”
As we have found that the donation we are considering was burdened with onerous conditions and this donation does not come within the exception of article 1526, C. C., it follows that the rules peculiar to donations inter vivos, especially with reference to the imprescriptibility of the ratification thereof, do not apply. The distinction is made because, in onerous donations, no public interest is involved, and this distinction is recognized by articles 1758 and 2274 of the Code:
“There is also a natural obligation on those who inherit an estate, either under a will or by legal inheritance, to execute the donations or other dispositions which the former owner had made, but which are defective for want of form only.” Article 1758, C. C.
“The confirmation, ratification, or voluntary execution of a donation by the heirs or assigns of the donor, after his decease, involves their renunciation to oppose either defects of form or any other exceptions.” Article 2274, C. C.
The rule is that donations inter vivos null for want of form are absolutely null and imprescriptible during the life of the donor, but after his death they become subject to ratification and prescription. It is held in Ventress v. Brown, 34 La. Ann. 448, that a tacit ratification by the heirs after the death of the donor is sufficient. It is held in Calais v. Semere, 10 La. Ann. 684, that even in donations mortis causa defects of form are cured by the lapse of time. In that case the court says:
“It is true, defects of form in a will are absolute nullities, but we think it is well settled that such nullities may be cured by the lapse of time. * * * The execution of the will in this case, was ordered by a court of competent jurisdiction, and the judgment giving effect to the will formed a sufficient basis for the prescription of the action of nullity.”
In Miller v. Miller, 32 La. Ann. 441, Judge White, the organ of the court says:
“True, wills are solemn acts, and form is of the essence, the aphorism being forma dat esse rei, and therefore, a will not formal is absolutely null. But as said in Calais v. Semere, there is a distinction between absolute nullities resulting from defect of form and those flowing from other causes.”
In Cox v. Lea’s Heirs, 110 La. 1036, 35 South. 277, Mr. Justice Monroe says:
“Upon the other hand, it is well settled that where the nullity upon which the attack is based consists of defects of form, or is founded in private interest, it is condoned by the lapse of the time prescribed.”
See, also, Vaughan v. Christine, 3 La. Ann. 328; Calais v. Semere, 10 La. Ann. 684; Miller v. Miller et al., 32 La. Ann. 441; Heirs of Miller v. Ober, Wilds, et al., 34 La. Ann. 592; Heirs of Barrow v. Barrow, 38 La. Ann. 651; Webb et al. v. Keller, 39 La. Ann. 55, 1 South. 423; Succession of Justus, 45 La. Ann. 190, 12 South. 130; Brownson v. Weeks, 47 La. Ann. 1042, 17 South. 489; Jones et al. v. Jones et al., 51 La. Ann. 643, 25 South. 368.
It appears that the donor died in 1887 and this suit was not filed until 1916.
*374 For the reasons stated, we are of the opinion that the action to annul the donation for the defect of form was prescribed when the suit was filed, and the lower court erred in overruling defendants’ plea of prescription of 5 and 10 years to this action; but, as the judgment on the merits is correct, it is therefore affirmed, at appellant’s cost.
Rehearing refused by Division O, composed of .Justices OVERTON, ST. PAUL, and THOMPSON.