AUGUSTUS WEISCOPF *vs.* COMMISSIONER OF BANKS & another.

Suffolk.    November 8, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Equity Jurisdiction,* Bill of review. *Review, Bill of.*

There is no ground in equity to maintain a bill for the vacating and setting aside of a decree dismissing a suit in equity and a review of that suit if the only grounds relied on by the plaintiff are that the decree was entered by agreement of the parties because the plaintiff was advised by his counsel that under a decision of this court in another case the suit could not be maintained and that counsel later advised him that by reason of a later decision of this court the suit might be maintained, no fraud, accident nor mistake in the entry of the decree being shown.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on June 15, 1926, and afterwards amended, seeking the vacating and setting aside of a final decree in a suit in equity described in the opinion, and a review of that suit.

The suit was reserved by *Braley,* J., for determination by the full court.

The case was submitted on briefs.

*R. Cohn & B. Levin,* for the plaintiff.

*H. O. Cushman & G. L. Vaughan,* for the defendants.

*F. T. Field, S. Hoar, & R. A. Cutter,* submitted a brief as *amici curiae.*

BRALEY, J.   The plaintiff at some time prior to November 8, 1923, brought a suit in equity against the commissioner of banks, then in office, and the Cosmopolitan Trust Company alleging that, when the commissioner took possession of the company for the purposes of liquidation, he had on deposit $100,000 as shown by four certificates which in form purported to be issued by the commercial department.   The plaintiff, acting on the statements of the liquidating agent, duly filed proof of his claims against that department.   It is further alleged that he was induced to make the deposit by the representations of a vice-president of the company that they were savings department deposits, and that, while dividends have been declared and paid to those depositors, the liquidating agent has refused to recognize him as a participant.   The relief prayed was that the commissioner be ordered to reclassify the deposits and pay to him his share of the dividends already declared, and which may be thereafter declared.   A final decree was entered November 8, 1923.   It reads as follows: "This case came on to be heard at this sitting upon the agreement of the respective parties and [*sic*] the bill should be dismissed without costs and without prejudice and therefore and upon consideration thereof it is Ordered, adjudged and decreed that the bill be and the same hereby is dismissed without costs and without prejudice."   The petitioner prays for leave to bring a bill of review to review this decree.

The defendant's motion to dismiss the petition for want of jurisdiction may be disregarded.   The question should have been raised by demurrer.   See *Worthington* v. *Waring,* 157 Mass. 421; *Security Bank of New York* v. *Callahan,* 220 Mass. 84.   We are bound however to take notice whether this court on the record has jurisdiction, *Fourth National Bank of Boston* v. *Mead,* 214 Mass. 540, and it is plain that the parties and the subject matter in litigation are properly before us, and the case is to be decided on the bill and the answer filed subsequently to the motion to dismiss.

The grounds on which a bill of review may be granted have been so recently pointed out in *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 284, and *Boston & Maine Railroad*

v. *Greenfield,* 253 Mass. 391, that further discussion would not be useful. The plaintiff fails to show either fraud, accident or mistake in the entry of the decree. He was correctly advised that his rights were governed by *Goldband* v. *Commissioner of Banks,* 245 Mass. 143, and the suit could not be maintained. The advice of counsel that, under the cases of *Wasserman* v. *Cosmopolitan Trust Co.* 252 Mass. 253, and *Cronan* v. *Commissioner of Banks,* 254 Mass. 444, decided after the entry of the decree, he had a good cause of action, cannot be deemed the discovery of new evidence pertinent to the bill as framed. The decree, the review of which is sought, even if set aside, would leave open only a retrial of the case on the pleadings as they stood. *Mulrey* v. *Carberry,* 207 Mass. 390. The petitioner was not misled as to the identity of the subject matter embodied in the written contract, and there was no mistake in the form of the decree. It must stand, and the petition must be dismissed. *Walsh* v. *Walsh,* 116 Mass. 377, 383.

*Ordered accordingly.*