THOMAS GUNTER & others *vs.* ARLINGTON MILLS.

Essex.    March 5, 1930. — May 26, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Equity Pleading and Practice,* Demurrer. *Equity Jurisdiction,* To order performance by party within, of an act outside the Commonwealth, To enjoin nuisance. *Water Rights.*

In the bill, in a suit in equity in the Superior Court by a resident of this Commonwealth against a corporation having a usual place of business here, the plaintiff alleged that the defendant maliciously had drained a lake upon its land in the State of New Hampshire, thereby interfering with a right which the plaintiff possessed to bathe, boat, fish and water live stock therein and creating a nuisance and a fire hazard. He sought to have the defendant restrained from diverting the water from the lake and interfering with the plaintiff's rights therein and to have it ordered to close a gate in a dam or place flash boards thereon to restore the water level therein. A demurrer by the defendant was sustained on the ground of lack of jurisdiction in equity to order the relief sought by the plaintiff. *Held,* that

(1) The question of jurisdiction properly was raised by demurrer;

(2) While, in an appropriate case, the court had jurisdiction in equity to enjoin the defendant from the performance of some act in foreign territory, ordinarily our courts decline to take jurisdiction where the decree sought is to require the performance of a positive act in another State;

(3) To afford the plaintiff complete relief, the defendant must be required to do positive acts in New Hampshire;

(4) In the circumstances, the court, although it had jurisdiction of the parties, would decline jurisdiction of the matter and leave the

plaintiff to seek relief in the courts of New Hampshire, where his rights could be protected fully;

(5) The allegation of malice on the part of the defendant was immaterial;

(6) The demurrer properly was sustained.

BILL IN EQUITY, filed in the Superior Court on October 7, 1929, and described in the opinion.

The defendant demurred. By order of *F. T. Hammond*, J., there were entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill. The plaintiffs appealed from both decrees.

The case was submitted on briefs.

*M. A. Cregg & H. A. Cregg*, for the plaintiffs.

*G. R. Nutter & W. E. Hays*, for the defendant.

CARROLL, J. The plaintiffs allege in their bill that they acquired title to certain land in Salem, New Hampshire, bordering on a pond known as Millville Lake, that the defendant acquired title "to the land over which Millville Lake flows" from Mary E. Brackett; that Mary E. Brackett sold the remaining interest "in her land appurtenant to said Millville Lake" to Bessie M. Morrison from whom the plaintiffs took their title; that the plaintiffs obtained all the rights "in the reservations specified in the deed of" Brackett to the defendant "to wit: the right of bathing, boating, fishing and watering of live stock in the waters of any pond which may flow any of the land conveyed to said Arlington Mills by deed of said Mary E. Brackett." It is further alleged that "in accordance with the plan contemplated in the deed of" Brackett to the defendant "and in furtherance of the contract between the parties thereto," a dam was erected on the defendant's land, and "in consequence thereof the lake was created or enlarged"; that the defendant, without right, is "voluntarily and maliciously" turning the water through the gate in the dam, in order to drain the lake; that the lake "is nearly dry," that the defendant has created "a nuisance from smell and odor, and in consequence thereof the defendant has also created a fire hazard." The plaintiffs asked that the defendant be restrained from diverting the water from the

lake, that it be ordered to restore the dam to its former height and to desist from interfering with the plaintiffs' rights "in the said body of water acquired through their deeds." The bill also alleges that the plaintiffs are residents of Lawrence in our county of Essex, and that the defendant has its usual place of business in that city.

In the Superior Court the defendant demurred. One of its grounds of demurrer was: "This court has no jurisdiction to order the performance, outside the Commonwealth, of the acts necessary to give the relief prayed for in the bill of complaint." The demurrer was sustained on this ground. The plaintiffs appealed.

Want of jurisdiction in equity such as is here alleged properly is raised by demurrer. *Kansas & Eastern Railroad Construction Co.* v. *Topeka, Salina & Western Railroad,* 135 Mass. 34. It was decided in *Rothstein* v. *Commissioner of Banks,* 258 Mass. 196, and *Weiscopf* v. *Commissioner of Banks,* 258 Mass. 199, that want of jurisdiction should be raised by demurrer. See also *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 148; *Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503, 507.

The Superior Court had jurisdiction of the parties. In an appropriate case it could enjoin the defendant from the performance of an act in a foreign territory. A court of equity acts *in personam* and can enforce its decrees against a resident of the Commonwealth or one actually present, prohibiting him from doing an act in another country. Gray, J. in *Hart* v. *Sansom,* 110 U. S. 151. *Philadelphia Co.* v. *Stimson,* 223 U. S. 605. See *Brown* v. *Desmond,* 100 Mass. 267, 269. Ordinarily our courts decline to take jurisdiction where performance of a positive act is to be carried out in another State. *Smith* v. *Mutual Life Ins. Co. of New York,* 14 Allen, 336. *Kansas & Eastern Railroad Construction Co.* v. *Topeka, Salina & Western Railroad, supra. Kimball* v. *St. Louis & San Francisco Railway,* 157 Mass. 7. *Richards* v. *Security Mutual Life Ins. Co.* 230 Mass. 320. *Arizona Commercial Mining Co.* v. *Iron Cap Copper Co.* 233 Mass. 522.

Applying these principles to the case before us, the

plaintiffs seek to compel the defendant to perform certain acts in the State of New Hampshire. They allege that by its conduct the defendant has created a nuisance; that it has lowered the water in the pond; that it should be required by a decree of our courts to hold back the water so that the pond may be flooded, and to close the gate or place flash boards on the dam in order that the plaintiffs' rights of bathing, boating, fishing and watering stock may be protected. To protect adequately and fully the rights of the plaintiffs, positive acts must be done by the defendant in the State of New Hampshire. These rights can be fully protected in the courts of New Hampshire which have jurisdiction of the land and the water rights involved. The alleged nuisance can be abated and the flooding of the pond can be ordered by these courts. This is the relief sought by the plaintiffs. They also ask that the defendant be ordered to desist from further interference with their rights in the "body of water acquired through their deeds" and prohibited from permitting the water to be diverted. Merely to restrain the defendant from these future acts would not give the plaintiffs suitable relief. The alleged nuisance would remain and the pond would continue to be "nearly dry" as alleged in the bill. The plaintiffs cannot have their interests and rights fully administered and complete justice done them except by the execution of positive acts by the defendant in holding back the water so as to fill the pond.

The acts complained of and the relief sought are of such nature that, under the authority of the cases cited, we decline to take jurisdiction, and we leave the parties to the relief to be afforded by the courts of the sister State of New Hampshire.

The allegations of malice have no bearing on the question of jurisdiction.

*Penn* v. *Lord Baltimore*, 1 Ves. Sr. 444, and the cases relied on by the plaintiffs are to be distinguished on the facts.

The decrees sustaining the demurrer and dismissing the bill were right.

*Decrees affirmed with costs.*