R. L. AYLWARD COAL CO. *v.* LUYCKX.

1. WILLS—LOST WILLS—STATUTES.

One claiming as devisee under alleged lost will is not entitled to any rights until validity of said will is judicially determined in accordance with statutes (3 Comp. Laws 1929, §§ 15543, 15547).

2. SAME—LOST WILL MAY BE PROVED—STATUTES.

If will has been lost, suppressed, or destroyed, probate court may nevertheless admit it to probate upon its being proved in manner prescribed by statute (3 Comp. Laws 1929, § 15547).

3. COURTS—PROBATE COURT—WILLS—JURISDICTION.

Probate court has exclusive original jurisdiction to determine validity of alleged lost will (3 Comp. Laws 1929, § 15547).

4. INTERPLEADER—WILLS—LOST WILLS.

Bill of interpleader will not lie to determine rights of one claiming as devisee under alleged lost will which has not been probated (3 Comp. Laws 1929, § 15547).

Appeal from Wayne; Smith (Guy E.) and Kilpatrick (Arthur W.), JJ., presiding. Submitted November 2, 1932. (Docket No. 113, Calendar No. 36,725.) Decided January 3, 1933.

Bill of interpleader by R. L. Aylward Coal Company, a Michigan corporation, lessee, against Edmund T. Luyckx, administrator of the estate of Elizabeth Aylward, deceased, Helen Aylward Luyckx, and Harold N. King. Cross-bill by defendant King to establish right under an alleged lost will. Bill and cross-bill dismissed. Plaintiff and defendant King appeal. Affirmed.

*Atkinson, Ortman & Shock,* for plaintiff.

On proof of execution as necessary to establish lost or destroyed will, see annotation in 38 L. R. A. 441.

*Thomas J. Donahue (Frank W. Atkinson,* of counsel), for defendant King.

*Henry C. L. Forler* and *Frank A. Martin,* for defendants Luyckx.

BUTZEL, J.   The sole question presented in the instant case is whether a court of chancery is the proper forum in which to determine and enforce the rights of a claimant under an alleged lost, destroyed, or suppressed will that has not been probated in accordance with 3 Comp. Laws 1929, § 15547.

The pleadings show that the Aylward Coal Company occupied premises in Detroit leased from Elizabeth Aylward, now deceased.  Upon the latter's death, her niece, Helen Aylward Luyckx, representing herself to be the sole heir of decedent, petitioned the probate court for the county of Wayne for the appointment of her husband, Edmund T. Luyckx, as administrator.  Upon the petition being heard and granted, the bond was fixed at the high figure of $100,000 because of the claim of Harold N. King that he was entitled to the property occupied by the coal company by virtue of a will that had been lost, destroyed, or suppressed, and never probated.  The personal property of the estate was valued at $200,000, an amount more than ample to pay debts and costs of administration.  The estate owns half of the stock of the Aylward Coal Company; Harold N. King owns the other half, with the exception of one share belonging to his wife, and another share transferred to the secretary of the corporation.  King is manager and his wife vice-president of the coal company.

Upon the coal company's failure to pay rent for four months, the administrator served it with notice

to quit. Thereupon, the coal company, as plaintiff, filed a bill of interpleader, setting forth that it owed four months' rent; that Mrs. Aylward did not die intestate, but that during her lifetime she had executed a will devising the property occupied by the coal company to Harold N. King, who now demands that the rent be paid to him; that inasmuch as the value of the personal property of the estate exceeded the amount of the debts, King became entitled to the property and the rents therefrom immediately on the death of decedent; that Mrs. Luyckx, claiming to be the sole heir of the decedent, would have become entitled to the property and the rents therefrom upon the death of decedent were it not for the devise to King; that further, the administrator demanded the rent and had served the notice to quit. Plaintiff offered to pay the rent to the clerk of the court and asked for a judicial determination as to whether it should be paid to King, Mrs. Luyckx, or the administrator, interpleaded as defendants. On motion the bill of complaint and King's cross-bill were dismissed.

The following facts are apparent from the pleadings: The amount of the bond of the administrator was fixed at $100,000 to protect any possible rights that King might have. Mrs. Luyckx had made no claim to the rent, and desired that it be paid to the administrator who had been appointed upon her petition. King had not taken any action in the probate court to prove the lost, suppressed, or destroyed will in the manner provided by law. See 3 Comp. Laws 1929, § 15547.

They further show that King, as manager of plaintiff, is attempting in a court of equity to secure the rights of a devisee under an alleged will claimed to have been lost, suppressed, or destroyed, but

which has not been probated in accordance with the law. King relies upon the case of *Creek* v. *Laski,* 248 Mich. 425 (65 A. L. R. 1113), but it is in no way pertinent to the issues in the instant case. Under 3 Comp. Laws 1929, § 15543, no will shall be effectual to pass either real or personal property unless it shall have been duly proved and allowed in the probate court, or on appeal in the circuit or Supreme courts, as provided by law. King was not entitled to any rights as devisee until the validity of the alleged will under which he claimed was judicially determined in accordance with the statutes of this State. See *McFarlane* v. *Clark,* 39 Mich. 44 (33 Am. Rep. 346). If a will has been lost, suppressed, or destroyed, the probate court may nevertheless admit it to probate upon its being proved in the manner prescribed by statute. 3 Comp. Laws 1929, § 15547. Until this is done, however, one has no right to property which he may claim by virtue of the terms of the alleged instrument.

Plaintiff maintains, nevertheless, that it had the right to file the bill of interpleader. The cross-bill shows that King, who made the claim to the property and the rentals therefrom, was manager of the plaintiff company and owned approximately 50 per cent. of the stock. He must have directed the filing of the bill not because of any danger in paying rent to the administrator, but in an attempt to transfer to a court of equity a question the determination of which the probate court has exclusive original jurisdiction. Under these conditions, plaintiff's bill of interpleader will not lie. The requisites of plaintiff's good faith and a *bona fide* dispute or controversy are absent, and elements of collusion are apparent. *Michigan & Ohio Plaster Co.* v. *White,* 44 Mich. 25.

The bill states that a general administrator, not an executor, was demanding the rent. This of itself indicated intestacy. The bill further does not allege that King asserted rights under a will that had been probated. It is also claimed that plaintiff did not know whether to pay the rent to the administrator or to the sole heir. There is no allegation that the sole heir is demanding the rent, nor any claim that an order has issued out of probate directing that the realty be turned over to the heir. See 3 Comp. Laws 1929, § 15659. The orders of the lower court dismissing the bill of interpleader and the cross-bill of Harold N. King are herewith affirmed, with costs to appellee, to be paid by appellant Harold N. King.

McDonald, C. J., and Clark, Potter, Sharpe, North, and Wiest, JJ., concurred. Fead, J., did not sit.