## McGREGOR et al. v. McGREGOR.
### No. 4519.

United States Court of Appeals
Tenth Circuit.

Jan. 2, 1953.

See also D.C., 101 F.Supp. 848.

W. J. Rutledge, Jr., Durango, Colo. (Bradford & McDaniel, Durango, Colo, on the brief), for appellants.

Grant .E. McGee, Denver, Colo. (Karl C. Brauns, Denver, Colo., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

Herbert McGregor and Augusta McGregor Davidson[1] brought this action against Lillie Wise McGregor[2] in the District Court of La Plata County, Colorado. The action was duly removed to the United States District Court for the District of Colorado. In their amended complaint the plaintiffs set up three claims. In their first claim they alleged that Colin H. McGregor[3] died at Lake Charles, Louisiana on November 24, 1949, seised and possessed of property of a value in excess of $160,000; that the defendant is the surviving wife of the decedent; that Herbert

1. Hereinafter referred to collectively as the plaintiffs.

2. Hereinafter referred to as defendant.
3. Hereinafter referred to as the decedent.

McGregor and Augusta McGregor Davidson are surviving brother and sister, respectively, of the decedent; that the decedent by his true last will bequeathed to Herbert McGregor $50,000 and to Augusta McGregor Davidson $25,000; that on November 28, 1949, the defendant came into possession of such true last will of the decedent; that thereafter on December 22, 1949, defendant wrongfully and wilfully tendered for probate in the District Court for the Eleventh Judicial District, Vernon Parish, Louisiana, an instrument in writing dated August 16, 1929, purporting to be the last will of the decedent and that such instrument contained no devise or bequest in favor of the plaintiffs, but purported to devise and bequeath all of the property of the decedent to the defendant; that on January 7, 1950, the defendant caused the estate of the decedent to be closed and the possession of all of the property of the decedent to be delivered to the defendant; that "plaintiffs are precluded by the Rules of Evidence of the State of Louisiana pertaining to the proof of testamentary documents, from proving in the Probate Court of that State, the true Last Will and Testament" of decedent; that the plaintiffs are without means or property to travel to the State of Louisiana and there employ counsel and pursue any remedy in the courts of Louisiana; and that by reason of the wrongful acts of the defendant in tendering for probate, procuring admission to probate and obtaining possession of all of the property of the decedent under the instrument of August 16, 1929, plaintiffs have been damaged in the sum of $75,000 actual damages.

In their second claim plaintiffs realleged by reference the matters set up in the first claim and further alleged that they were without an adequate and speedy remedy at law.

In their third claim plaintiffs realleged by reference the matters set up in their first claim and further alleged that the defendant is a nonresident of Colorado and is the owner of certain real estate situated in La Plata County, Colorado, particularly described in the third claim.

Plaintiffs prayed for $75,000 actual damages and $75,000 exemplary damages. They further sought a judgment mandatorily enjoining the defendant to probate the true last will of the decedent and to convey to the plaintiffs the properties described in the third claim in lieu of the specific bequests to them in the true last will.

The trial court sustained a motion to dismiss the amended complaint on the ground that it failed to state any claim upon which relief could be granted and dismissed the action. Plaintiffs have appealed.

Article VII, § 35, of the Constitution of Louisiana, as amended in 1921, provides:

"They (district courts) shall have unlimited and exclusive original jurisdiction * * * in all probate and succession matters * * *."

Article 1644 of Dart's Louisiana Civil Code Annotated, 1932 [LSA–C.C. art. 1644], provides:

"No testament can have effect, unless it has been presented to the judge of the parish in which the succession is opened; the judge shall order the execution of the testament after its being opened and proved, in the cases prescribed by law."

A careful examination of the adjudicated cases on the question, which are few in number, leads us to the conclusion that neither relief at law nor in equity may be obtained on account of the destruction or suppression of a will unless it is made to appear that it is impossible to probate such will in the court having jurisdiction of the probate thereof, or unless the plaintiffs have undertaken to probate such will and have failed.[4]

---

4. Allen v. Lovell's Adm'x, 303 Ky. 238, 197 S.W.2d 424, 426; Thayer v. Kitchen, 200 Mass. 382, 86 N.E. 952, 953; Sprowl v. Lockett, 109 La. 894, 33 So. 911, 912; R. L. Aylward Coal Co. v. Luyckx, 261 Mich. 394, 246 N.W. 156, 157; Clappier

■ Article 3542 of Dart's Louisiana Civil Code Annotated, 1932 [LSA–C.C. art. 3542], reads:

"Article 3542. Recision of Instruments and Partitions—The following actions are prescribed by five years: That for the nullity or recision of contracts, testaments or other acts."

Under the adjudicated cases in Louisiana, plaintiffs have five years from the date of the order of probate to annul the probate of the instrument of August 16, 1929, and to probate the true last will in the District Court of Louisiana in which the instrument of August 16, 1949, was probated.[5] It follows that plaintiffs were not barred by limitation from obtaining relief in the courts of Louisiana. That fact clearly distinguishes the instant case

from Morton v. Petitt, 124 Ohio St. 241, 177 N.E. 591, relied on by plaintiffs. There relief in the probate court of Ohio was barred by limitation at the time Petitt brought his action.

■ The allegation in the amended complaint that plaintiffs are precluded by the rules of evidence of the State of Louisiana from proving the alleged true last will in the courts of that state is nothing more than a conclusion of law. Moreover, in Succession of Clark, 11 La.Ann. 124, the court laid down a very liberal rule on the admission of secondary evidence to establish a basis for the admission of a will to probate.[6]

■ It is well settled that a court of equity will not by a mandatory injunction

v. Banks, 11 La. 593, 595; Myar v. Mitchell, 72 Ark. 381, 80 S.W. 750; Note, 65 A.L.R. 1119–1121.

In Sprowl v. Lockett, supra, the court said:

"The law of this state provides that:

" 'No will can have effect, unless it has been presented to the judge of the parish in which the succession is opened; the judge shall order the execution of the testament after its being opened, and proved, in the cases prescribed by law.' Rev.Civ.Code, art. 1644; Aubert v. Aubert, 6 La.Ann. 104; Succession of Earhart, 50 La.Ann. [524] 526, 23 So. 476.

"In Clappier v. Banks, 11 La. [593] 595, it was said:

" 'In an action of revendication, persons claiming to be instituted heirs under a will, alleged to be lost or destroyed, will not be allowed to prove its existence, loss, and contents in the district court, when it has never been admitted to probate.' "

5. Succession of Williams, 132 La. 865, 61 So. 852, 853; Calais v. Semere, 10 La. Ann. 684; Heirs of Miller v. Ober, 34 La.Ann. 592, 594; Succession of Justus, 45 La.Ann. 190, 12 So. 130, 131; Castleman v. Smith, 155 La. 367, 99 So. 293, 294; Succession of Justus, 47 La.Ann. 302, 16 So. 841, 842; Rice v. Key, 138 La. 483, 70 So. 483, 484.

6. In Succession of Clark, supra, the court said:

"It would seem that there was a distinction between rules of law which prescribe the form in which wills and testaments are to be made and those which

direct the courts in what manner they shall be admitted to probate and ordered to be executed. The first, commencing at Article 1567 of the Civil Code, are positive enactments which are essential to the validity of the will. Their nonobservance renders the supposed will null and void by express provision of law. C.C., 1588. The rules, on the other hand, which are sketched by the Legislature for the opening and proof of testaments, commencing at Article No. 1639, do not pronounce the penalty of nullity for their non-observance, and they nowhere say that other cases may not arise in which the strict letter of these rules may be inapplicable, and that the Judge may not, in extraordinary cases, receive other equally satisfactory proof that the requirements of the law have been fulfilled.

\* \* \*. \* \* \*

" \* \* \* We think the loss or destruction of the will, after the death of Clark, and the long period of time which has elapsed since his death, justify a resort to secondary evidence, which would not have been necessary if the will had not been lost or destroyed, and if so long a period had not elapsed before an attempt had been made to admit it to probate. We think this view of the law is fully sustained both by reason and authority.

"Article 1648 contemplates that the olographic will shall be presented before the Judge before whom it is to be proven; yet no one would seriously contend that the calamity which deprived the leg-

require the performance of a positive act in another jurisdiction.[7] It follows that plaintiffs failed to state a claim for relief by mandatory injunction requiring the defendant to probate the alleged true last will of the decedent in Louisiana.

Affirmed.

atee of the will would prevent him from establishing its contents by secondary evidence. * * *.

\* \* \* \* \* \*

" '\* \* \* The law of evidence would have a poor claim to the praise justly bestowed on it if it did not forsee and provide for such a case as this. That rule which is the most universal, namely: that the best evidence the nature of the case will admit shall be produced, decides the objection, for it is only another form of expression for the idea that when you lose the higher proof you may offer the next best in your power. The case admits of no better evidence than that which you possess, if the superior proof has been lost without your fault. The rule does not mean that men's rights are to be sacrificed and their property lost because they cannot guard against events beyond their control. It only means, that so long as the higher or su- perior evidence is within your posses- sion, or may be rendered by you, you shall give no inferior proof in relation to it. Particular rules, which require writ- ten proof, always relax themselves to meet absolute necessity, or that neces- sity which is occasioned by occurrences common among men.

" 'There is nothing in a will being re- quired to be made in a particular form, which makes it an exception to this great law of necessity. It may increase the difficulty of proof, but furnishes no rea- son to refuse hearing it. * * *.' "

7. Corbett v. Nutt, 10 Wall. 464, 77 U.S. 464, 475, 19 L.Ed. 976; Brach v. Moen, 8 Cir., 4 F.2d 786, 790–791; Gunter v. Arlington Mills, 271 Mass. 314, 171 N. E. 486, 487, 71 A.L.R. 1348; Richards v. Security Mutual Life Ins. Co., 230 Mass. 320, 119 N.E. 744, 745; Note, 71 A.L.R. 1351–1354.