# Radio Corporation of America v. Rotman

Before Griffiths and Chudoff, JJ.

*Jerome J. Shestack* and *Bernard G. Segal,* for plaintiff.

*J. L. Stern, D. Berger* and *Karl I. Schofield,* for defendant.

GRIFFITHS, J., April 19, 1961.—This matter comes before the court on defendant's motion for judgment on the pleadings in a case involving an application of the Philadelphia Income Tax Ordinance; Code of General Ordinances of the City of Philadelphia, section 19-

1501, etc. Plaintiff had filed a complaint in equity, in effect seeking judicial interpretation of the applicability of the ordinance to it under the facts hereinafter stated. The action, while not so designated by the parties, is, as we regard it, in the nature of a proceeding for a declaratory judgment.

The ordinance imposes, inter alia, an annual tax for general revenue purposes of one and one-half percent on all salaries, wages, commissions and other compensation earned after January 1, 1957, by residents of Philadelphia. Section 19-1504 of the ordinance provides for the collection of the tax at the source of the earnings in question and states, in part:

"(1) Each employer within the City who employs one or more persons on a salary, wage, commission or other compensation basis shall deduct monthly or more often than monthly, at the time of payment thereof, the tax imposed by the Chapter on the salaries, wages, commissions, and other compensation due from the said employers to the said employee, except that due to employees engaged as domestic servants, and shall, on or before the last day of April, July, October, and January of each year, make a return and pay to the Department the amount of tax so deducted for the three months ending on the last day of the month preceding.

"(c) The failure of any employer, residing either within or outside of the City, to make such return and/or to pay such tax shall not relieve the employee from the responsibility for making the returns, paying the tax, and complying with the regulations with respect to making the returns and paying the tax."

The facts as raised by the pleadings are uncontested and, further, may be summarized as follows:

Plaintiff, a Delaware corporation, is registered to do business within the Commonwealth of Pennsylvania and maintains certain offices within the City of

Philadelphia. In addition, plaintiff has various plants located, inter alia, in the State of New Jersey where approximately 2,700 of its employes are residents of Philadelphia. These employes are liable for the tax imposed by the city ordinance. The payrolls of these employes are made up in New Jersey, and they receive their wages there.

Defendant, Rotman, in his capacity of Commissioner of Revenue of the City of Philadelphia, has made demand upon plaintiff to withhold these taxes from the earnings of these New Jersey employes, residents of Philadelphia, and remit the same to the City of Philadelphia in accordance with the above-quoted section of the ordinance. Plaintiff has refused to comply with this demand, not out of whim or caprice, but, in addition to the question of extraterritorial jurisdiction, in apprehension of violating certain provisions of the New Jersey "Wage Payment Law," New Jersey Revised Statutes 34: 11-4 and 34:11-6, as amended, which provide:

"Every person, firm, association or partnership doing business in this State, and every corporation organized under or acting by virtue of or governed by the provisions of Title 14, Corporations, General, or by the provisions of the act entitled 'An act concerning corporations', (Revision 1896), approved April twenty-first, one thousand eight hundred and ninety-six, in this State, shall pay at least every two weeks, in lawful money of the United States, to each and every employee engaged in his, their or its business, or to the duly authorized representative of such employee, the full amount of wages earned and unpaid in lawful money to such employee, up to within twelve days of such payment . . .

"It shall not be lawful for any such person, firm, association, partnership or corporation to enter into or make any agreement with any employee for the

payment of the wages of any such employee otherwise than as provided by this section, except to pay such wages at shorter intervals than every two weeks. Every agreement made in violation of this section shall be deemed to be null and void, and the penalties provided for in section 34:11-6 of this Title may be enforced notwithstanding such agreement; . . ."

R. S. 34:11-6, as amended, provides:

"Every person, firm, association, partnership or corporation mentioned in section 34:11-4 of this Title and every officer or agent thereof who shall violate any of the provisions of said section 34:11-4 shall, for the first offense, be liable to a penalty of fifty dollars ($50.00), and for the second and each subsequent offense to a penalty of one hundred dollars ($100.00), to be recovered by and in the name of the Department of Labor of this State."

In addition to the statute itself, the Attorney General of New Jersey, in his former opinion, 1958-No. 8, dated May 7, 1958, has stated that the above in fact prohibits this plaintiff from deducting the wage tax now before us from the remuneration paid Philadelphia residents.

In disposing of the motion, we must decide one or both of the following questions:

(1) Does the City Council of Philadelphia have the power to compel the plaintiff to do an affirmative act in the State of New Jersey?

(2) If the City Council of Philadelphia has the power to direct plaintiff to do an affirmative act in New Jersey, may or should this court compel plaintiff to do so where it appears that the act in question may constitute an offense in that State?

Before resolving these questions, we state parenthetically that nowhere is the city's power or right to levy the tax under consideration on its residents who

earn their wages outside its borders contested, therefore, we do not address ourselves to the question other than to observe that the constitutionality of this right was upheld in Dole v. Philadelphia, 337 Pa. 375 (1940).

Turning now to the issues at bar, our Supreme Court has stated in Dole v. Philadelphia, supra, that the city has no authority to compel an employer whose payrolls are made up outside Philadelphia to collect the tax at its source. There, a wage earner instituted a suit to restrain the enforcement of two ordinances, one of which, like the one presently before us, taxed compensation of residents of Philadelphia, the other, the compensation of nonresidents who earned their compensation in Philadelphia. In holding these ordinances to be constitutional, the court stated, on page 381:

"The city·is without power to compel collection at the source of the tax upon income of resident employees derived from work performed outside of the city. Therefore, the suggestion, made by the Supreme Court in the Butcher case, that the tax under the 1938 ordinance be collected at the source, must be regarded as having been made solely with respect to employee income earned within the city limits."

At first glance, this case would seem to modify, if not overrule, Commonwealth ex rel Baldrige v. Sun Oil Co., 294 Pa. 99 (1928), which states that the Commonwealth of Pennsylvania could require the treasurer of a foreign corporation that does business in Pennsylvania to assess or collect a certain four mill tax on corporate loans held by residents of the Commonwealth even though he resided in New Jersey. However, a closer reading indicates that this case can be readily distinguished both on its facts and on the law. There, defendant New Jersey corporation was registered to do business in Pennsylvania. Its prin-

cipal offices were in Philadelphia, and it maintained its executive staff and corporate books here. The treasurer of the corporation, although a resident of New Jersey, performed most all of his duties here. The company did, however, maintain some moneys in a bank located in New York.

The holding of the case was limited to the decision that the treasurer could not refuse to collect and pay over the tax in question merely on the fact that privately he was a domiciliary of another State. After reaching the result, the court stated, on page 108:

"There is no reaching out into New York or New Jersey, or anywhere else; it is simply a case where the State of Pennsylvania lays its hands on the officer of the company, whose official domicile is in this state, and requires him to do certain things."

In the present case, there is attempted a definite reaching out into the State of New Jersey by City Council of Philadelphia to compel plaintiff to act in a manner seemingly contrary to the laws of that State. This, we believe, is neither right nor just. Consequently, we have no hesitancy in following the Dole Case, supra, in finding that the city is without power to order plaintiff to withhold the Philadelphia wage tax from payrolls made up in New Jersey for work done in that State by employes who are residents of the City of Philadelphia.

There is yet another reason for denying defendant's motion for judgment on the pleadings.

Defendant prays that this court issue a mandatory injunction against plaintiff requiring it to withhold, within the territorial limits of New Jersey, the wage tax in question. This the court should not generally do for, as was stated in McGregor v. McGregor, 201 F. 2d 528 (10th Cir., 1953), on page 530:

"It is well settled that a court of equity will not by a mandatory injunction require the performance of a

positive act in another jurisdiction [cases cited in footnote]."

We realize that this rule of law is not without exception, as for instance, in such cases where the granting of a mandatory injunction could in no way be deemed to interfere with the sovereignty of the foreign jurisdiction in question: Steele v. Bulova Watch Co., Inc., 344 U. S. 280 (1952). However, in light of the New Jersey statute and the formal opinion of its Attorney General, the instant case does not fall within the exception.

For all the above reasons, we believe defendants' position to be without merit.

Defendants have, as heretofore stated, requested judgment on the pleadings. It is well settled that once such motion is properly before the court, judgment can be entered for either party regardless of which one is the moving party on the motion: Boron v. Smith, 380 Pa. 98 (1955). However, as above stated, the parties have, in effect, asked for a declaratory judgment as to the validity of the ordinance as applied, under the facts of the case, to plaintiff.

Section 7 of the Uniform Declaratory Judgments Act of May 22, 1935, P. L. 228 (12 PS §853), provides as follows:

"Nothing in this act shall prevent a court from entering a declaratory judgment or decree in any civil proceeding, suit, or action no matter how commenced, where all parties, to be affected, are actually in court or have had such notice of the proceeding, suit, or action as is required by law, and where the court is convinced, that such a judgment or decree is appropriate and proper to be entered."

The case of Y. M. C. A. v. Reading, 402 Pa. 592, 598 (1961), states:

"We conclude, therefore, that, absent a challenge to the constitutionality of a statute *or of official action*

*thereunder*, equity has no jurisdiction to restrain the collection of taxes . . ." (Italics supplied.)

The present factual situation clearly relates to official action under a statute and is, therefore, amenable to equity.

By authority of the above-cited law, we enter the following

### Decree

And now, April 19, 1961, defendants' motion for judgment on the pleadings is denied, and judgment is here entered in favor of plaintiff against both defendants, and defendants are hereby permanently and finally enjoined from proceeding against plaintiff to collect the taxes which it is claimed should have been withheld by plaintiff.

This order shall in no way interfere with or prevent defendants from proceeding with deliberate speed against the individuals who, sharing in the benefits received from their resident city, have willfully or otherwise failed to comply with their civic and legal duty of paying their just taxes.